FILED
2013 MAY 21 A 9:14
RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

PILLSBURY WINTHROP SHAW PITTMAN LLP
THOMAS V. LORAN III #95255
thomas.loran@ pillsburylaw.com
MARLEY DEGNER #251923
marley.degner@pillsburylaw.com
LAURA C. HURTADO #267044
laura.hurtado@pillsburylaw.com
Four Embarcadero Center, 22nd Floor
San Francisco, California 94111
Telephone: (415) 983-1000
Facsimile: (415) 983-1200

AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN CALIFORNIA
JULIA HARUMI MASS #189649
jmass@aclunc.org
LINDA LYE #215584
llye@aclunc.org
39 Drumm Street
San Francisco, California 94111
Telephone: (415) 621-2493
Facsimile: (415) 255-8437

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

JSC

| | |
|---|---|
| DENNIS JOSEPH RAIMONDO (a.k.a. JUSTIN RAIMONDO), an individual, and ERIC ANTHONY GARRIS, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>FEDERAL BUREAU OF INVESTIGATION<br><br>Defendant. | No. CV 13 2295<br><br>COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF FOR VIOLATION OF THE FREEDOM OF INFORMATION ACT, 5 U.S.C. § 552 *et seq.* AND THE PRIVACY ACT, 5 U.S.C. § 552a *et seq.* |

## INTRODUCTION

1. Through this lawsuit, Eric Anthony Garris and Dennis Joseph Raimondo seek disclosure of records maintained by the Federal Bureau of Investigation ("FBI" or "Agency") related to each of them as individuals and related to their online magazine Antiwar.com. The case arises following the discovery that the FBI conducted a "threat assessment" of Antiwar.com—an anti-interventionist website that publishes news and opinion articles about U.S. foreign and military policy. A year after Garris and Raimondo (collectively "Plaintiffs") requested records they are entitled to under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.,* as amended, and the Privacy Act, 5 U.S.C. § 552a *et seq*., as amended, the FBI has failed to deny their requests, has failed to provide any responsive records, and has failed to assert any grounds upon which the requested records could be withheld.

2. Plaintiffs are long-time peace activists and proponents of non-interventionism. Plaintiff Raimondo is the editorial director of Antiwar.com, and Plaintiff Garris is the managing editor and webmaster of the site. Plaintiffs have worked for the online magazine Antiwar.com since 1995 when Plaintiff Garris founded it as a means to express opposition to U.S. intervention in the Balkans. Antiwar.com is an anti-interventionist, pro-peace website with a purely journalistic mission: revealing the truth about America's foreign policy.

3. Plaintiffs became aware that they and Antiwar.com had become the subject of FBI surveillance upon their discovery of documents responsive to another person's FOIA request posted on the website Scribd.com in August 2011. Included in the posting was a FBI memorandum that names both Plaintiffs, states their positions of employment at Antiwar.com, describes their First Amendment activities, and recommends opening a preliminary investigation. Two news articles by Plaintiff Raimondo were listed as attachments to the FBI memorandum and also posted on the website Scribd.com. Following publication of the FBI memo by Antiwar.com and others, Antiwar.com lost significant financial support.

4. Troubled by their discovery that they and Antiwar.com had become the subject of FBI surveillance, Plaintiffs, in October 2011, filed requests under the FOIA and the Privacy Act seeking disclosure of records pertaining to themselves. After an administrative appeals process, Plaintiffs perfected their requests in May 2012 to include a clear request for records referring or relating to Antiwar.com. A year later, Plaintiffs have not received a substantive response for records relating to themselves or Antiwar.com.

5. Plaintiffs seek to enjoin the FBI from continuing improperly to withhold Agency records referring or relating to each of Plaintiffs and Antiwar.com. The FBI's failure to provide a substantive response not only violates the FOIA and the Privacy Act, but it denies Plaintiffs and the public insight into the FBI's surveillance practices with respect to media organizations and private citizens engaged in First Amendment protected speech. Disclosure of records describing or constituting surveillance of Plaintiffs and Antiwar.com would shed significant light on the Agency's surveillance system and how it operates when protected political expression is targeted.

**JURISDICTION**

6. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B), 5 U.S.C. § 552(a)(6)(C)(i), 5 U.S.C. § 552a(g)(1), and 28 U.S.C. § 1331.

**VENUE**

7. Venue is proper in the Northern District of California pursuant to 5 U.S.C. § 552(a)(4)(B), 5 U.S.C. § 552a(g)(5), and 28 U.S.C. § 1391. Plaintiff Garris is a resident of San Francisco, California, and Plaintiff Raimondo is a resident of Sebastopol, California, both of which are within the Northern District of California.

**INTRADISTRICT ASSIGNMENT**

8. Assignment to the San Francisco Division of this Court is proper under Civil Local Rule 3-2(c), (d) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred, and continues to occur, in the City and County of San Francisco.

**PARTIES**

9. Plaintiff Eric Anthony Garris resides in the City and County of San Francisco. He is a citizen of the United States of America. Plaintiff Garris is the founder, managing editor, and webmaster of the online magazine Antiwar.com, whose principal place of business is in San Francisco, California. Plaintiff Garris is a member of the news media.

10. Plaintiff Dennis Joseph Raimondo resides in the City of Sebastopol, which is within Sonoma County. He is a citizen of the United States of America. Plaintiff Raimondo is the editorial director for the online magazine Antiwar.com. Plaintiff Raimondo is a member of the news media.

11. Defendant FBI is an agency within the meaning of 5 U.S.C. § 552(f) of the FOIA and 5 U.S.C. § 552a(a)(1) of the Privacy Act, and is in possession and/or control of records referring or relating to Plaintiffs and referring or relating to the online magazine Antiwar.com.

**LEGAL FRAMEWORK**

12. The FOIA requires that federal agencies make reasonable efforts to maintain their records in forms or formats that are reproducible and provide copies of agency records that are reasonably described in requests by members of the public, subject to certain objections. 5 U.S.C. § 552(a).

13. Under the Privacy Act, federal agencies that maintain a "system of records" concerning individuals must do so "with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual." 5 U.S.C. § 552a(e)(5). In addition, agencies are prohibited from maintaining any record "describing how any individual exercises rights guaranteed by the First Amendment unless . . . pertinent to and within the scope of an authorized law enforcement activity." 5 U.S.C. § 552a(e)(7). For enforcement of these record-keeping limitations, the Privacy Act provides individuals with the right to access their records upon request and allows them to request amendment or correction of their records. 5 U.S.C. §§ 552a(d)(1) and (2).

## FACTS

**FBI Records Reveal Surveillance of First Amendment Protected Activity**

14. In August 2011, Plaintiffs Garris and Raimondo discovered ninety-four pages of redacted documents produced by the FBI in response to a FOIA request filed by the author of the blog "Zionism Stinks." Of the ninety-four pages, twenty-three referred or related to Antiwar.com and its staff, including Plaintiffs. The twenty-three pages of documents, which include an internal FBI memorandum dated April 30, 2004 (the "April 30 Memo") and two articles by Plaintiff Raimondo, evidence the FBI's surveillance of Plaintiffs and the online magazine Antiwar.com. A true and correct copy of the April 30 Memo is attached hereto as Exhibit "A" and incorporated by this reference.

15. Based on the April 30 Memo, it appears that the FBI conducted a search of the Universal Index; Electronic Case File; Dun and Bradstreet; Department of Motor Vehicles; and Lexis Nexis for references to Antiwar.com and one or more individuals. The April 30 Memo contains a list and description of the files searched, both of which contain numerous redactions.

16. The April 30 Memo indicates that eleven enclosures are attached to it, including an untitled Excel spreadsheet dated October 3, 2001; a copy of a document written in Italian with an FBI Suspect List dated May 22, 2002; a copy of a Lexis Nexis business summary on Antiwar.com; five news articles downloaded from Lexis Nexis; and three Internet postings. Of the eleven enclosures only two are included in the document containing the April 30 Memo posted on Scribd.com; the two that are included are both news articles authored by Plaintiff Raimondo.

17. The April 30 Memo describes information obtained from the FBI's investigation and surveillance of Antiwar.com and one or more individuals. Specifically, the April 30 Memo describes: (a) an article by an author, whose name has been redacted, on U.S. assistance to Israel, which cited Antiwar.com as one of its sources; (b) an article passed out at a peaceful protest in Fairford, Gloucestershire, England, on November 9, 2002, that referred to Israeli spies being held by the United States and included

Antiwar.com as a resource for additional information; (c) a statement made at a Western Regional Conference of the National Alliance Sacramento Unit ("NASU"), wherein a member of NASU discussed the Antiwar.com website; and (d) an FBI special agent's review of computer hard drives seized during an investigation of an unidentified subject in 2003 and statement that the hard drive showed that between July 25, 2002 and June 15, 2003, the unidentified subject had visited Antiwar.com, among many other websites.

18. The April 30 Memo names Plaintiff Garris by name, stating that he is the managing editor of Antiwar.com; it also names Plaintiff Raimondo by name, stating that he is the editorial director of Antiwar.com. The April 30 Memo further states that comments on Antiwar.com harshly criticize Plaintiffs for their views.

19. The section of the April 30 Memo titled "Analyst Comments" reports on the "threat assessment" and states:

> The rights of individuals to post information and to express personal views on the Internet should be honored and protected; however, some material that is circulated on the Internet can compromise current active FBI investigations. The discovery of two detailed Excel spreadsheets posted on www.antiwar.com may not be significant itself since distribution of the information on such lists are wide spread . . . . Still, it is unclear whether www.antiwar.com may only be posting research material compiled from multiple sources or if there is material posted that is singular in nature and not suitable for public release. There are several unanswered questions about www.antiwar.com. It describes itself as a non-profit group that survives on generous contributions from its readers. Who are these contributors and what are the funds utilized for? [two lines redacted] If this is so, then what is his true name? Two facts have been established by this assessment. Many individuals worldwide do view this website including individuals who are currently under investigation and [two lines redacted].

20. The FBI analyst who authored the April 30 Memo concluded with two recommendations:

> It is recommended that ECAU further monitor the postings on website www.antiwar.com . . . . It is recommended that a [preliminary investigation] be opened to determine if [redaction] are engaging in, or have engaged in, activities which constitute a threat to National Security on behalf of a foreign power.

21. The remainder of the twenty-three pages pertaining to Antiwar.com and its staff, including Plaintiffs, includes copies of two news articles by Plaintiff Raimondo, both of which concern the five Israeli nationals who appear to be the subject of the FOIA request submitted by the author of the blog "Zionism Stinks."

22. The April 30 Memo demonstrates that the FBI is in possession of documents responsive to Plaintiffs' FOIA and Privacy Act requests.

**FBI's Surveillance Chilled Plaintiffs' Speech**

23. After Plaintiffs' discovery of the FBI's surveillance of Antiwar.com and of Plaintiffs themselves, Antiwar.com ran editorials about the FBI's surveillance, shedding light on the Agency's monitoring of Antiwar.com and its staff and their exercise of their right to free speech.

24. In October 2011, one of Antiwar.com's major donors withdrew his financial support from Antiwar.com out of concern that the FBI would monitor him if he continued to provide, as he wished to do, financial support to Antiwar.com. Since then, three significant donors have also withdrawn financial support, citing their fear that FBI interest in Antiwar.com would lead to surveillance of the donors as a reason for withdrawing financial support. As a result, Antiwar.com has lost approximately $75,000 per year since 2011 in otherwise expected contributions.

25. In 2010, Plaintiffs discovered that Antiwar.com was listed in a section of a State and Local Anti-Terrorism Training ("SLATT") disk, entitled "Special Interest Terrorism," produced by the United States Department of Justice ("DOJ") and provided to state and local law enforcement representatives at a nation-wide anti-terrorism training conference in New Orleans, Louisiana.

26. After Plaintiffs learned about the April 30 Memo, they considered issuing editorials to publicize the federal government's misleading and inappropriate inclusion of Antiwar.com in its counterterrorism training materials. However, based on their concern that more donors and supporters would withdraw their support from Antiwar.com from fear that they would also be subject to scrutiny by federal intelligence agencies, Plaintiffs

decided not to do so. Instead, they sought records related to Antiwar.com and themselves through the Privacy Act and FOIA requests that are the subject of this Complaint.

**Plaintiffs' History of Activism and Contacts with Law Enforcement Reinforce Plaintiffs' Belief that the FBI Has Records Relating to Them and Antiwar.com**

27. During the 1960s, Plaintiff Garris became active in the Peace and Freedom Party, serving as National Committeeman and Vice-Chairman. Plaintiff Garris left the Peace and Freedom Party in 1975 and became active in the Libertarian Party.

28. Plaintiff Garris ran for public office in 1972, 1974, 1980, 1983, and 1990, as a member of the Peace and Freedom Party, Libertarian Party, and Republican Party.

29. Plaintiff Raimondo became active in the Libertarian Party in the 1970s.

30. Plaintiff Raimondo ran for public office in 1980, 1982, and 1996 as a member of the Libertarian Party and Republican Party.

31. Both Plaintiffs worked for an organization called Students for a Libertarian Society in San Francisco, California from 1978 to 1980.

32. Plaintiffs ran a bookstore in San Francisco called Libertarian Books and Periodicals. The San Francisco Police Department raided the bookstore in 1981. Plaintiffs were arrested in the raid and later prevailed in a civil lawsuit challenging the legality of the raid.

33. Plaintiff Garris participated in an interview with the United States Secret Service in 1992 regarding a threat to a presidential candidate he had reported.

34. In December 2005, upon returning from a trip to Malaysia to attend the Perdana Peace Conference, Plaintiff Garris, who spoke at the conference and was travelling back to the United States alone, was flagged for secondary inspection when his passport was scanned at Customs.

35. Plaintiff Garris was detained for forty-five minutes while agents believed to be employed by the Department of Homeland Security questioned Plaintiff Garris about his trip to Malaysia. The agents searched through Plaintiff Garris's luggage, paying particular attention to the papers, books, and posters contained therein. The agents questioned

Plaintiff Garris about Antiwar.com, the purpose of his trip, and asked him whether he had met any Muslims or terrorists during the course of his trip.

36. Plaintiffs believe based on the facts alleged herein, including their documented history of activism, previous contact with law enforcement, and the April 30 Memo documenting a threat assessment and recommending continued monitoring of Plaintiffs and Antiwar.com, that the FBI has records pertaining to Plaintiffs and to Antiwar.com.

**Plaintiffs' FOIA and Privacy Act Letter Requests to the FBI**

37. On October 4, 2011, the American Civil Liberties Union of Northern California ("ACLU-NC"), on behalf of Plaintiff Garris, submitted a FOIA and Privacy Act request to the FBI at its Winchester and San Francisco offices, along with Plaintiff Garris's Certification of Identity and Authorization to Release Information to his counsel. Plaintiff Garris identified himself as the founder, managing editor, and webmaster of the online magazine Antiwar.com and provided a link to the April 30 Memo.

38. On October 4, 2011, the ACLU-NC, on behalf of Plaintiff Raimondo, submitted a FOIA and Privacy Act request to the FBI at its Winchester, San Francisco, and Santa Rosa offices, along with Plaintiff Raimondo's Certification of Identity and Authorization to Release Information to his counsel. Plaintiff Raimondo identified himself as the editorial director of the online magazine Antiwar.com and provided a link to the April 30 Memo.

39. On the same day, October 4, 2011, the ACLU-NC, on behalf of five others then employed by Antiwar.com also made requests like those described in paragraphs 37 and 38. Those requests are not at issue in this lawsuit.

**"No Records" Denials By the FBI**

40. On November 2, 2011, in separate, but identical form letters signed by David M. Hardy, Section Chief of the Record/Information Dissemination Section of the Records Management Division, the FBI notified Plaintiffs that the FBI had conducted a

search of the Central Records System, and based on that search was unable to identify main file records responsive to Plaintiffs' requests.

**Plaintiffs' Administratively Appeal FBI's "No Records" Denials**

41. On December 22, 2011, through counsel, Plaintiff Garris mailed a certified letter to the DOJ's Office of Information Policy ("OIP") appealing the FBI's denial of his FOIA and Privacy Act request. In his appeal, Plaintiff Garris observed that the FBI's blanket and identical form "no records" response to him seemingly overlooked responsive records that Plaintiff Garris knows exist, based on Agency documents disclosed in response to a FOIA request made by another. Plaintiff Garris further observed in his appeal that the FBI appeared to have improperly invoked a national security exemption and that the FBI's "no records" response based on its search of main file records suggests the FBI's search was inadequate, as it seemingly failed to perform a "cross-reference" search for files that mention Plaintiff Garris or Antiwar.com.

42. On December 22, 2011, through counsel, Plaintiff Raimondo mailed a certified letter to OIP appealing the FBI's denial of his FOIA and Privacy Act request. In his appeal, Plaintiff Raimondo observed that the FBI's blanket and identical form "no records" response to him seemingly overlooked responsive records that Plaintiff Raimondo knows exist, based on Agency documents disclosed in response to a different FOIA request. Plaintiff Raimondo further observed in his appeal that the FBI appeared to have improperly invoked a national security exemption and that the FBI's "no records" response based on its search of main file records suggests the FBI's search was inadequate, as it seemingly failed to perform a "cross-reference" search for files that mention Plaintiff Raimondo or Antiwar.com.

43. By letter dated January 4, 2012, signed by Priscilla Jones, Supervisory Administrative Specialist, OIP acknowledged receipt of Plaintiffs' administrative appeals.

44. On March 29, 2012, in a letter signed by Anne D. Work, Senior Counsel for Administrative Appeals Staff, OIP affirmed the FBI's action on Plaintiff Raimondo's October 4 FOIA and Privacy Act request. With regard to Plaintiff Raimondo's request for a

cross-reference search, the letter indicated Plaintiff Raimondo would need to submit additional information to provide the FBI with information sufficient to enable the FBI to determine that any cross-references it locates are identifiable to the subject of Plaintiff Raimondo's request. The letter also stated that the FBI had not improperly invoked a FOIA exclusion.

45. On September 17, 2012, in a letter signed by Janice Galli McLeod, Associate Director, OIP affirmed the FBI's action on Plaintiff Garris's October 4 FOIA and Privacy Act request. With regard to Plaintiff Garris's request for a cross-reference search, the letter indicated Plaintiff Garris would need to submit additional information to provide the FBI with information sufficient to enable the FBI to determine that any cross-references it locates are identifiable to the subject of Plaintiff Garris's request. The letter also stated that the FBI had not improperly invoked a FOIA exclusion.

**Plaintiffs Submit Amended Privacy Act and FOIA Requests and Add FOIA Request for All Records Referring or Relating to Antiwar.com**

46. On May 24, 2012, through counsel, and in a letter directed to the FBI's Winchester field office and OIP, Plaintiffs provided additional personal and identifying information to assist the FBI in locating responsive records. Plaintiffs' May 24 letter referenced the April 30 Memo and its naming of Antiwar.com and Plaintiffs Garris and Raimondo and detailed Plaintiffs' long history of activism. A true and correct copy of the May 24 letter is attached hereto as Exhibit "B" and incorporated by this reference.

47. The May 24 letter, submitted by counsel on behalf of Plaintiffs and the five other requesters, also asserted a clear request to the FBI under the FOIA for all records referring or relating to Antiwar.com, whether or not filed, described, or otherwise identified as pertaining to any Plaintiffs, and without redaction for identifying information that refers to any of the requesters.

48. The May 24 letter also reiterated Plaintiffs' requests under the FOIA and the Privacy Act for records relating or referring to themselves.

49. By letters dated June 8, 2012 and signed by Mr. Hardy the FBI acknowledged receipt of Plaintiffs' FOIA and Privacy Act requests for records pertaining to themselves as individuals and of their FOIA request for records referring or relating to the online magazine Antiwar.com.

50. By separate but identical form letters dated August 31, 2012, signed by Mr. Hardy, the FBI informed the five non-plaintiff requesters whose requests were also referenced in the May 24 letter that based on its search of the indices to its Central Records System, the FBI was unable to identify file records responsive to their requests under the FOIA. Plaintiffs did not receive any such letter.

51. On November 9, 2012, in separate but identical form letters signed by Mr. Hardy, Plaintiffs were notified that their FOIA and Privacy Act requests were being administratively closed and that the material responsive to those requests would be processed in conjunction with Plaintiffs' May 24 FOIA requests for records referring or relating to the subject Antiwar.com. True and correct copies of these letters are attached hereto as Exhibits "C" and "D" and incorporated by this reference.

52. Plaintiffs have received no further response from the FBI.

**Plaintiffs have Exhausted Their Administrative Remedies**

53. Plaintiffs have exhausted their administrative remedies as to Defendant FBI with regard to their Privacy Act requests. *See* 5 U.S.C. § 552a(g)(1)(B). Plaintiffs filed administrative requests under the Privacy Act, amended the requests in conformance with the Agency's response to their administrative appeals, and received notice that their amended Privacy Act requests were being processed, but have received no Agency determination setting forth whether Defendant FBI intends to produce records or any basis for withholding them. Defendant FBI has failed to provide a determination for nearly a year since Plaintiffs' amended request of May 24, 2012.

54. By the terms of 5 U.S.C. § 552(a)(6)(A)(i), Defendant FBI's responses to Plaintiffs' May 24 FOIA requests were due twenty (20) days after receipt of those requests. Although this time has elapsed, Plaintiffs have yet to receive the Agency's response to their

requests. Plaintiffs are deemed to have exhausted their administrative remedies for their FOIA requests by reason of Defendant FBI's failure to meet the statutory time limits. *See* 5 U.S.C. § 552(a)(6)(C)(i).

55. Defendant has wrongfully withheld records sought by Plaintiffs. Further, Defendant has asserted no statutory basis for withholding any records sought by Plaintiffs in their May 24 FOIA and Privacy Act requests. There is a strong public interest in the disclosure of the records sought. Defendant's failure to release responsive documents that are believed to be within their custody and control constitutes an abuse of the Agency's discretion.

**FIRST CLAIM FOR RELIEF**

**Violation of the FOIA for Failure to Make Promptly Available the Records Sought by Plaintiffs' Requests (5 U.S.C. §§ 552(a)(3), (a)(6))**

56. Plaintiffs Garris and Raimondo repeat and reallege the allegations contained in paragraphs 1 through 55 above, inclusive.

57. Plaintiffs Garris and Raimondo have a legal right under the FOIA to obtain the Agency records requested on May 24, 2012. Plaintiffs' requests clearly described the records sought and were in accordance with the published rules. There exists no legal basis for Defendant FBI's failure to make such records available.

58. Defendant FBI's failure to make promptly available the records sought by Plaintiffs Garris and Raimondo's requests violates the FOIA, 5 U.S.C. § 552(a)(3) and (a)(6).

59. Plaintiffs are entitled to injunctive relief with respect to the release and disclosure of the requested documents. 5 U.S.C. § 552(a)(4)(B).

**SECOND CLAIM FOR RELIEF**

**Violation of the Privacy Act for Failure to Allow Plaintiffs' Garris and Raimondo Access to Records (5 U.S.C. §§ 552a(d)(1), (g)(1)(B))**

60. Plaintiffs Garris and Raimondo repeat and reallege the allegations contained in paragraphs 1 through 59 above, inclusive.

61. Plaintiffs Garris and Raimondo have a legal right under the Privacy Act to gain access to Agency records and any information pertaining to themselves maintained by Defendant FBI.

62. Plaintiffs have each properly requested from Defendant FBI such information and records.

63. Defendant FBI's failure to make available to Plaintiffs the requested records or/and information violates the Privacy Act, 5 U.S.C. § 552a(d)(1).

64. Plaintiffs are entitled to injunctive relief with respect to the Agency's failure to provide access to and disclose the requested documents. 5 U.S.C. § 552a(g)(3)(A).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs request the Court award them the following relief:

a. Declare that Defendant FBI violated the FOIA and the Privacy Act;

b. Order Defendant FBI immediately to disclose the requested records in their entireties and make copies available to Plaintiffs Garris and Raimondo;

c. Order Defendant FBI immediately to grant Plaintiffs Garris and Raimondo access to records or to any information pertaining to themselves maintained by Defendant FBI;

d. Award Plaintiffs their reasonable costs and attorneys' fees;

e. Expedite this action in every way pursuant to 28 U.S.C. § 1657(a); and

f. Grant such other relief as the Court may deem just and proper.

Dated: May 21, 2013.

JULIA HARUMI MASS
LINDA LYE
ACLU CIVIL LIBERTIES UNION FOUNDATION
OF NORTHERN CALIFORNIA
39 Drumm Street
San Francisco, California 94111

PILLSBURY WINTHROP SHAW PITTMAN LLP
THOMAS V. LORAN III
MARLEY DEGNER
LAURA C. HURTADO
Four Embarcadero Center, 22nd Floor
San Francisco, California 94111

By: ______________________

Laura C. Hurtado
Attorneys for Plaintiffs

# Exhibit A

Exhibit A

(Rev. 01-31-2003)

DATE: 09-10-2010
FBI INFO.
CLASSIFIED BY UC6[illegible]2LP/PLJ/CC
REASON: 1.4 (b,c,d)
DECLASSIFY ON: 09-10-2035

ALL INFORMATION CONTAINED HEREIN IS UNCLASSIFIED EXCEPT WHERE SHOWN OTHERWISE

~~SECRET~~

ALL INFORMATION CONTAINED HEREIN IS UNCLASSIFIED EXCEPT WHERE SHOWN OTHERWISE

# FEDERAL BUREAU OF INVESTIGATION

**Precedence:** ROUTINE **Date:** 04/30/2004

**To:** Counterterrorism **Attn:** ITOS I/ CONUS I/ Team 3
SSA [redacted]
OS [redacted]
**Attn:** ECAU, Room 4944
**Attn:** SSA [redacted]
New York **Attn:** SSA [redacted]
SSA [redacted]
Philadelphia **Attn:** SSA [redacted]
St. Louis **Attn:** SSA IT Pakistan Squad
San Francisco **Attn:** SSA IT Pakistan

b6
b7C

**From:** Newark
GMRA2
**Contact:** IA [redacted]

**Approved By:** [redacted]

b6
b7C

**Drafted By:** [redacted]

b1 (S)

**Case ID #:** (~~S~~) 315B-NK-C86934 (Pending) [redacted]
(~~S~~) 315N-NK-C98832 (Pending)
(S) (~~S~~) [redacted] (Pending)
(~~S~~) 315B-NK-102595-EL6 (Pending)

See pg 8 for ~~texts~~ link

(U) **Title:** (~~S~~) IT-PAKISTAN
(U) (~~S~~) IT UBL/AL QAEDA

(U) **Synopsis:** (~~S~~) Threat assessment: [redacted] DOB: [redacted] SSAN: unknown and [redacted] DOB: [redacted] SSAN: [redacted] www.antiwar.com.

b6
b7C

(U) (~~S~~)

~~Derived From : G-3~~
~~Declassify On: X1~~

(U) **Administrative:** (~~S~~) This document contains information obtained under the authority of the Foreign Intelligence Surveillance Act (FISA), 50 U.S.C., Section 1801. Such FISA derived information shall not be used in any criminal proceeding, including grand

~~SECRET~~

b1

~~DATE: 8/3/2005~~
~~CLASSIFIED BY: 60322HUC/LP/CPB/RNP~~
~~REASON: 1.4(C)~~
~~DECLASSIFY ON: 8/3/2030~~

[redacted] (S)

SECRET

To: Counterterrorism From: Newark
(U) Re: (S) 315B-NK-C86934, 04/30/2004

jury proceedings and warrant affidavits, without the express written approval of the Attorney General of the United States. FISA derived information concerning any U.S. Person may not be disseminated to a foreign government without prior Attorney General approval.

(U) Enclosure(s): (S) There are eleven enclosures attached to this assessment. They are as follows: (1) an untitled Excel spreadsheet, 22 pages, dated 10/03/2001; (2) a copy of a document written in Italian with the 22 page FBI Suspect List, dated 05/22/2002; (3) a Lexis Nexis business summary on antiwar.com; (4) five news articles downloaded from Lexis Nexis; (5) three Internet postings.

(U) Details: (S) An electronic communication from the Counterterrorism, NTCS/TWWU to all field offices, dated 03/24/2004, advised that the post-9/11 "watch list," "Project Lookout," was posted on the Internet and may contain the names of individuals of active investigative interest. Different versions of these lists may be found on the Internet. This assessment was conducted on the findings discovered on www.antiwar.com.

(U) (S) While conducting research on the Internet, an untitled spreadsheet, dated 10/03/2001, was discovered on website www.antiwar.com under antiwar.com/justin/finnlist.pdf. This spreadsheet contained names, DOBs, SSANs, addresses and other columns. The last column labeled as ID contained numbers which [redacted] On 10/03/2001, information was disseminated to all field offices by the Counterterrorism Unit as Priority on Information Control Forms (ICF). The names contained on this untitled Excel spreadsheet [redacted]

b6
b7C
b7E

(U) (S) The antiwar.com website describes itself as a sounding board of interest to all who are concerned about U.S. foreign policy and its implications. It also states that antiwar.com has become the Internet newspaper of records for a growing international movement, the central locus of opposition to a new imperialism that masks its ambitions in the rhetoric of human rights, humanitarianism, freedom from terror and global democracy. It also describes itself as a non-profit group that survives on generous contributions from its readers. The Managing Editor is listed as Eric Garris, and the Editorial Director is listed as Justin Raimondo.

SECRET

(U) To: Counterterrorism From: Newark
Re: (S) [ 315B-NK-C86934, ] 04/30/2004

b6
b7C

(U) (S) A search of the Universal Index (UNI) revealed

(U) (S) A search of UNI revealed

(U) (S) A search of UNI for www.antiwar.com was negative.

(U) (S) A scan of the Electronic Case File (ECF) revealed numerous documents for and antiwar.com.

(U) (S)

(U) (S)

b7A

(S) File 65T-HQ-1427774 serial 26, dated 04/14/2004, from the Counterintelligence Unit CD-4E/11869 to the Washington Field Office furnished Washington Field with information received by the

SECRET

Referral/Consult



SECRET

To: Counterterrorism From: Newark
(U) Re: (S) 315B-NK-C86934, 04/30/2004

Referral/Consult

(S) b1

(U) (S) File 315M-SL-188252 serial 152, dated 11/17/2003,

(S) b1

that he was in possession of a document which was written in Italian. This document specified that [redacted] was a suspect on an FBI list. The document contained [redacted] social security number, date of birth and two previous addressess. [redacted] was listed as [redacted] on a list dated 05/22/2002. This document can be found at www.antiwar.com/justin/CI-08-02.pdf.

(S) File 315N-SL-188252 serial 176, dated 12/27/2003, is a LHM for [redacted]

(S) b1

This serial also restated the information contained in serial 152 regarding the document found on www.antiwar.com.

(U) (S) File [redacted] dated 05/21/2002, indicated that [redacted] wrote a page length article reporting on the magnitude and value of American military and economic assistance to Israel. [redacted] reported in detail on all types of assistance to Israel citing one of his sources of information as www.antiwar.com.

b6 b7A b7C

(U) (S) File [redacted] dated 11/13/2002, regarded a peaceful protest at the main gate of RAF Fairford, UK, on 11/09/2002. The protesters handed out several articles during the protest. One article referred to suspected Israeli spies being held by U.S. authorities since the terrorist attacks in the U.S. The article was from an Internet web page, dated 12/12/2001, entitled "Suspected Israeli Spies Held by U.S." An insert at the bottom of the page provided a website, www.antiwar.com, where more information could be obtained on the suspected Israeli spies.

b7A

(U) (S) File 100A-PG-67150-302 serial 970, dated 10/03/2002, indicated that during a Western Regional Conference of the National Alliance Sacramento Unit (NASU), a member

SECRET



SECRET

To: Counterterrorism From: Newark
(U) Re: (S) 315B-NK-C86934, 04/30/2004

discussed a website, antiwar.com. This individual told NASU members to educate themselves about the Middle East conflict.

(U) (S) File 174A-LA-234485 serial 55, dated 11/10/2003, indicated that on 10/27/2003, a special agent reviewed the computer hard drives seized during the investigation of [redacted] The review of two hard drives revealed visits to many websites between 07/25/2002 and 06/15/2003. One of the websites listed was antiwar.com.

b6
b7C

(U) (S) File [redacted] dated 02/05/2003, documented [redacted]

b6
b7A
b7C

(U) (S) [redacted]

b7A

(U) (S) There are four FISA derived references located at Newark. They are 315B-NK-102595-EL6 serials 65, 71, 72 and 80.

(U) (S) [redacted]

b6
b7C
b7E

(U) (S) A search of DMV indicated that [redacted]

b6
b7C

(U) (S) [redacted]

b6
b7C

SECRET

SECRET

To: Counterterrorism From: Newark
(U) Re: (S) 315B-NK-C86934, 04/30/2004

b6 b7C

(U) (S)

b6 b7C b7E

(U) (S)

b6 b7C b7E

(U) (S)

b6 b7C b7E

(U) (S) A search of Dun and Bradstreet (D&B) revealed that

b6 b7C

(U) (S) One business summary was located on D&B listed to Antiwww Co., PO Box 575, Big Sur, CA 93920, with no further information available.

(U) (S) A search of Lexis Nexis for antiwar.com revealed a California fictitious business name for antiwar.com, 851 Burlway Rd., #202, Burlingame, CA 94010. The filing date was 10/23/2000. The business description was listed as advertising-computer with a contact name of

b6 b7C

(U) (S) A search of telephone number the contact telephone number posted on www.antiwar.com, is listed to at This telephone number was negative on

b6 b7C b7E

(U) (S) A search of for was negative.

b6 b7C b7E

SECRET

SECRET

To: Counterterrorism From: Newark
(U) Re: (S) 315B-NK-C86934, 04/30/2004

b6
b7C

(U) (S) A search of Lexis Nexis for [redacted] revealed [redacted]

(U) (S) [redacted]

b6
b7C
b7E

(S) A DMV (CA) search for [redacted] was negative.

(S) A CCH search for [redacted] was negative.

b6
b7C

(U) (S) A D&B search for [redacted] was negative.

(S) A [redacted] search for [redacted] was negative.

b6
b7C
b7E

(S) A [redacted] search for [redacted] was negative.

(U) (S) A search of the News and Business Section located in Lexis Nexis revealed numerous articles regarding [redacted] and www.antiwar.com. Six articles were selected for inclusion in this assessment.

b6
b7C

[redacted]

b6
b7C

SECRET

SECRET

To: Counterterrorism From: Newark
(U) Re: (S) 315B-NK-C86934, 04/30/2004

b6
b7C

(U) (S) There are numerous websites that comment on the postings found on www.antiwar.com. Many individuals harshly critize Eric Garris and Justin Raimondo for their views. Three postings were selected to be included in this assessment.

(U) (S) On the Pravada website was posted an article by Justin Raimondo, "Did Al Qaeda shoot recently released footage of 9/11 WTC attack or was it someone else?"

(U) (S) On www.jdl-ny.org, a harsh critizism of www.anti.com was posted that included photographs of Eric Garris and Justin Raimondo.

(S) On www.chroniclesmagazine.org, an article by Justin Raimondo, "Chronicles Intelligence Assessment - The Terror Enigma: Israel and the September 11 Connection," outlined the activities of the Mossad. It also included information obtained from a story in the Bergen Record dated 09/12/2002 regarding a group of Israelis detained by FBI, Newark, for possible involvement in the events of 9/11. (S) (An active investigation was conducted on the five Israeli Nationals. For a detailed report of this investigation see ] (S)

b1

(ANALYST COMMENTS: The rights of individuals to post information and to express personal views on the Internet should be honored and protected; however, some material that is circulated on the Internet can compromise current active FBI investigations. The discovery of two detailed Excel spreadsheets posted on www.antiwar.com may not be significant by itself since distribution of the information on such lists are wide spread. Many agencies outside of law enforcement have been utilizing this information to screen their employees. Still, it is unclear whether www.antiwar.com may only be posting research material compiled from mutiple sources or if there is material posted that is singular in nature and not suitable for public release. There

SECRET

SECRET

To: Counterterrorism From: Newark
(U) Re: (S) 315B-NK-C86934, 04/30/2004

are several unanswered questions regarding www.antiwar.com. It describes itself as a non-profit group that survives on generous contributions from its readers. Who are these contributors and what are the funds utilized for? [redacted] [redacted] [redacted] on www.antiwar.com. If this is so, then what is his true name? Two facts have been established by this assessment. Many individuals worldwide do view this website including individuals who are currently under investigation and [redacted] [redacted]

b6
b7C

SECRET

To: Counterterrorism From: Newark
(U) Re: (S) 315B-NK-C86934, 04/30/2004

**Set Lead 1: (Discretionary)**

COUNTERTERRORISM

AT AT WASHINGTON, DC

(U) (S) It is recommended that ECAU further monitor the postings on website www.antiwar.com.

**Set Lead 2: (Action)**

SAN FRANCISCO

AT AT SAN FRANCISCO, CA.

b6
b7C

(U) (S) It is recommended that a PI be opened to determine if [redacted] are engaging in, or have engaged in, activities which constitute a threat to National Security on behalf of a foreign power.

**Set Lead 3: (Info)**

ALL RECEIVING OFFICES

(U) Read and clear.

♦♦

SECRET

(Rev. 01-31-2003)

DATE: 09-10-2010
FBI INFO.
CLASSIFIED BY UC 2LP/PLJ/CC
REASON: 1.4 (b,c,d)
DECLASSIFY ON: 09-10-2035

ALL INFORMATION CONTAINED HEREIN IS UNCLASSIFIED EXCEPT WHERE SHOWN OTHERWISE

SECRET

# FEDERAL BUREAU OF INVESTIGATION

Precedence: ROUTINE    Date: 04/30/2004

To: Counterterrorism    Attn: ITOS I/ CONUS I/ Team 3
SSA
OS
Attn: ECAU, Room 4944
Attn: SSA
New York    Attn: SSA
SSA
Philadelphia    Attn: SSA
St. Louis    Attn: SSA IT Pakistan Squad
San Francisco    Attn: SSA IT Pakistan

b6
b7C

From: Newark
GMRA2
Contact: IA

Approved By:

b6
b7C

Drafted By: MKC/LLH

Case ID #: (S) 315B-NK-C86934 (Pending) -270
(S) 315N-NK-C98832 (Pending) -486
(S) (S) (Pending)
(U) (S) 315B-NK-102595-EL6 (Pending) -305

(S) b1

Title: (U) ~~(S)~~ IT-PAKISTAN
(U) ~~(S)~~ IT UBL/AL QAEDA

(U) Synopsis: ~~(S)~~ Threat assessment: DOB: SSAN: unknown and DOB: SSAN: www.antiwar.com.

b6
b7C

(U) ~~(S)~~

~~Derived From : G-3~~
~~Declassify On: X1~~

(U) Administrative: ~~(S)~~ This document contains information obtained under the authority of the Foreign Intelligence Surveillance Act (FISA), 50 U.S.C., Section 1801. Such FISA derived information shall not be used in any criminal proceeding, including grand

SECRET

ALL INFORMATION CONTAINED HEREIN IS UNCLASSIFIED EXCEPT WHERE SHOWN OTHERWISE.

~~DATE: 8/3/05~~
~~CLASSIFIED BY: 60322AUC/LP/CPB/RNP~~
~~REASON: 1.4 (C)~~
~~DECLASSIFY ON: 8/3/2030~~

# Exhibit B

Exhibit B



May 24, 2012

**Via Facsimile**

Federal Bureau of Investigation
Attn: FOI/PA Request, David M. Hardy
Record/Information Dissemination section
170 Marcel Drive
Winchester, VA 22602-4843
Fax Number: (540) 868-4391

Office of Information Policy (OIP)
U.S. Department of Justice
Attn: Anne D. Work
1425 New York Ave., NW, Suite 11050
Washington, D.C. 20530-0001
Fax Number: (202) 514-1009

Re: Additional information and clarification regarding:
FOIPA Request No. 1175603, AP-2012-00971, Subject: Jeremy Sapienza
FOIPA Request No. 1175592, AP-2012-00972, Subject: Justin Raimondo
FOIPA Request No. 1175594, AP-2012-00978, Subject: Daniel Scott Horton
FOIPA Request No. 1175598, AP-2012-00979, Subject: Margaret Griffis
FOIPA Request No. 1175595, AP-2012-00977, Subject: Eric Garris
FOIPA Request No. 1175601, AP-2012-00980, Subject: Jason Charles Ditz
FOIPA Request No. 1175604, AP-2012-00970, Subject: Michael Barrett Austin

Dear Mr. Hardy and Ms. Work:

We write to provide additional information and to clarify the scope of the above-referenced requests and appeals. Thus far, the seven individuals who have sought information related to themselves and the online magazine Antiwar.com have received no records. However, we already *know* that the FBI has maintained records related to Antiwar.com that name at least two of the requestors. We referenced these records in our original request. They are available online beginning at page 62 of this link: http://www.emptywheel.net/wp-content/uploads/2011/08/110821-Antiwar-documents.pdf. One of the documents, an FBI memo dated April 30, 2004 ("2004 Memo"), references searches, documents, and continued

MICHELLE A. WELSH, *CHAIRPERSON* | DENNIS MCNALLY, AJAY KRISHNAN, FARAH BRELVI, ALLEN ASCH, *VICE CHAIRPERSONS* | KENNETH SUGARMAN, *SECRETARY/TREASURER*
ABDI SOLTANI, *EXECUTIVE DIRECTOR* | KELLI EVANS, *ASSOCIATE DIRECTOR* | CHERI BRYANT, *DEVELOPMENT DIRECTOR* | SHAYNA GELENDER, *ORGANIZING & COMMUNITY ENGAGEMENT DIRECTOR*
LAURA SAPONARA, *COMMUNICATIONS DIRECTOR* | ALAN SCHLOSSER, *LEGAL DIRECTOR* | MARGARET C. CROSBY, ELIZABETH GILL, LINDA LYE, JULIA HARUMI MASS, MICHAEL RISHER, JORY STEELE, *STAFF ATTORNEYS*
PHYLLIDA BURLINGAME, ALLEN HOPPER, NATASHA MINSKER, NICOLE A. OZER, DIANA TATE VERMEIRE, *POLICY DIRECTORS* | STEPHEN V. BOMSE, *GENERAL COUNSEL*

AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF NORTHERN CALIFORNIA
39 DRUMM STREET, SAN FRANCISCO, CA 94111 | T/415.621.2493 | F/415.255.1478 | TTY/415.863.7832 | WWW.ACLUNC.ORG

*Federal Bureau of Investigation, Attn: FOI/PA Reqeust*
*Director, Office of Information Policy, Department of Justice, Attn: Anne D. Work*
*May 24, 2012*
*Page 2*

recommended surveillance that suggest additional records related to Antiwar.com and/or some of the requestors exists. For these reasons, we believe the FBI has misunderstood the requests, failed to read them thoroughly, or has purposefully withheld documents that should be produced in accordance with the FBI's obligations under FOIA and the Privacy Act. We have also identified additional information that may be useful to the FBI's search of its records. In order to facilitate the agency's full and prompt compliance with its FOIPA requirements, and to attempt to dispel any remaining confusion about what the requestors seek, we detail the following additional information about the requests.

**1. Records related to Antiwar.com.**

Each of the original requests sought files about each requestor and specified the requestor's connection to the online magazine Antiwar.com. In the appeals from the initial "no records" responses, we clarified that the agency needed to search for records related to Antiwar.com in order to determine whether there were responsive records for the requestors. Because no records have been produced, each of the requestors referenced hereby asserts a clear request for *all records referring or relating to Antiwar.com*, whether or not filed, described, or otherwise identified as pertaining to any of the individual requestors as individuals. Redaction of identifying information that refers to any of the requestors is unnecessary because the requests are being made under both FOIA and the Privacy Act and the requestors are specifically seeking documents that may name them.[1]

Based on the 2004 Memo, we expect there should be many records related to Antiwar.com. The requestors seek not only records that name them individually, but *all* records related or referring to Antiwar.com, without redactions for requestors names or other identifying information. Thus, at the very least, the 2004 Memo should be produced, with any identifying information regarding any of the requestors unredacted. In addition, the 2004 Memo ends with a recommendation that a preliminary investigation be opened. If that preliminary investigation was to be directed at Antiwar.com or any persons affiliated with Antiwar.com, the requestors seek records related to that recommendation, including records related to any preliminary investigation that was opened or records indicating that the recommendation was not followed.

**2. Additional information about Justin Raimondo.**

We have received a letter dated March 29, 2012, from the Office of Information Policy affirming the FBI's original "no records" response. Given the existence of the 2004 Memo and other documents that were previously produced—as well as the content of that memo that

[1] Requestors do not seek seven duplicate copies of the same documents. One set of all responsive documents without redactions of names and other identifying information for the requestors is sufficient for the requestors' purposes. We understand that agency rules may require you to produce differently redacted versions of each document to each requestor and would be happy to complete additional Privacy Act waivers as necessary to avoid duplication, particularly if production of differently redacted but otherwise duplicate copies is burdensome to the agency.

AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF NORTHERN CALIFORNIA

*Federal Bureau of Investigation, Attn: FOI/PA Reqeust*
*Director, Office of Information Policy, Department of Justice, Attn: Anne D. Work*
*May 24, 2012*
*Page 3*

suggests additional agency knowledge about Justin Raimondo, we find this response inadequate. Nonetheless, we provide this additional information with the hope that it will aid your search:

- Mr. Raimondo's legal name is Dennis Joseph Raimondo.
- Mr. Raimondo never legally changed his first name to Justin, but has been known as "Justin Raimondo" since he was fourteen years old, and he is referenced in the 2004 Memo as "Justin Raimondo." In his original request, we identified him as "Justin Raimondo (aka Dennis Raimondo)."
- Mr. Raimondo's address has changed since we filed his FOIPA request on October 4, 2011. It is now 4349 Hessel Road, Sebastapol, CA 95472.
- Mr. Raimondo and co-requestor Eric Garris ran a bookstore in San Francisco called Libertarian Books and Periodicals. That bookstore was raided in 1981 by the San Francisco Police Department. Mssrs. Raimondo and Garris were arrested in the raid and eventually prevailed in a civil lawsuit challenging the legality of the raid.
- Mr. Raimondo worked for an organization called Students for a Libertarian Society in San Franicsco, California from 1978 to 1980.
- Mr. Raimondo has run for office as a Libertarian candidate several times.
- As noted in the 2004 EC memo, Mr. Raimondo is the subject of a Wikipedia page which can be found here: http://en.wikipedia.org/wiki/Justin_Raimondo. Information contained in this page may also help the FBI identify responsive records.

**3. Additional information about Eric Garris.**

We have not yet received a response to our appeal of the FBI's "no records" response to Mr. Garris's request and we take this opportunity to share additional information to facilitate the agency's search for records we believe are maintained by the FBI.

- Mr. Garris's middle name is "Anthony." His full name is "Eric Anthony Garris."
- There may be records related to Mr. Garris with a last name spelled "Garriss."
- Mr. Garris was arrested in 1981 during a San Francisco Police Department raid of the bookstore that he ran with co-requestor Justin Raimondo, Libertarian Books and Periodicals. Mr. Garris later participated in a successful lawsuit against the San Francisco Police Department, challenging the raid and arrest.
- Mr. Garris is a well known political activist and thinker. There is a Wikipedia page about him, http://en.wikipedia.org/wiki/Eric_Garris.
- Mr. Garris worked for an organization called Students for a Libertarian Society in San Francisco, California from 1978 to 1980.
- Mr. Garris has run for office several times, as a member of the Peace and Freedom Party, the Libertarian Party, and the Republican Party.
- Mr. Garris participated in an interview with the Secret Service in 1992 regarding a threat to a presidential candidate that Mr. Gariss had reported.

AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF NORTHERN CALIFORNIA

*Federal Bureau of Investigation, Attn: FOI/PA Reqeust*
*Director, Office of Information Policy, Department of Justice, Attn: Anne D. Work*
*May 24, 2012*
*Page 4*

- Mr. Garris was questioned at length by the Department of Homeland Security in 2005 when he entered the United States after travel to Malaysia for a peace conference.

**4. Clarification regarding Jason Charles Ditz.**

The original FOIA/Privacy Act request submitted for Jason Charles Ditz contained a typographical error, identifying him as "Justin Charles Ditz." The Certification of Identity submitted with that request properly identified him as "Jason Charles Ditz," but all subsequent correspondence repeated the initial error, and refer to the requestor as "Justin Charles Ditz." We are sorry for any inconvenience caused by this error and request that you please ensure that the FOIPA request was properly processed for **Jason** Charles Ditz.

Thank you for your attention to this additional information and please do not hesitate to contact us if you have any questions. We look forward to your prompt response.

Sincerely,

Julia Harumi Mass
Staff Attorney

cc: Eric Garris
Justin Raimondo
Jason Charles Ditz
Margaret Griffis
Michael Barrett Austin
Jeremy Spazienza
Daniel Scott Horton

AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF NORTHERN CALIFORNIA

# Exhibit C

Exhibit C

**U.S. Department of Justice**



**Federal Bureau of Investigation**
*Washington, D.C. 20535*

November 9, 2012

Ms. Julia Harumi Mass
ACLU
Foundation of Northern California
39 Drumm Street
San Francisco, CA 94111

FOIPA Request No.: 1175595-001
Subject: Garris, Eric

Dear Ms. Mass:

This is in response to your Freedom of Information-Privacy Acts (FOIPA) request.

Please be advised that your FOIPA request number 1175595-001 for the above listed subject is being closed administratively. The material responsive to this request will be processed in conjunction with your request for records in FOIA number 1192179-000, subject Antiwar.com, as they share the same information.

When making inquiries or mailing any correspondence concerning this request please reference FOIPA number 1192179-000.

Sincerely,

David M. Hardy
Section Chief
Record/Information
   Dissemination Section
Records Management Division

# Exhibit D

Exhibit D

U.S. Department of Justice

Federal Bureau of Investigation
*Washington, D.C. 20535*

November 9, 2012

Ms. Julia Harumi Mass
ACLU
Foundation of Northern California
39 Drumm Street
San Francisco, CA 94111

FOIPA Request No.: 1175592-001
Subject: Raimondo, Justin

Dear Ms. Mass:

This is in response to your Freedom of Information-Privacy Acts (FOIPA) request.

Please be advised that your FOIPA request number 1175592-001 for the above listed subject is being closed administratively. The material responsive to this request will be processed in conjunction with your request for records in FOIA number 1192179-000, subject Antiwar.com, as they share the same information.

When making inquiries or mailing any correspondence concerning this request please reference FOIPA number 1192179-000.

Sincerely,

David M. Hardy
Section Chief
Record/Information
Dissemination Section
Records Management Division