PILLSBURY WINTHROP SHAW PITTMAN LLP
THOMAS V. LORAN III #95255
thomas.loran@pillsburylaw.com
ANDREW BLUTH #232387
abluth@pillsburylaw.com
LAURA C. HURTADO  #267044
laura.hurtado@pillsburylaw.com
Four Embarcadero Center, 22nd Floor
Post Office Box 2824
San Francisco, CA  94126-2824
Telephone No.: (415) 983-1000
Facsimile No.: (415) 983-1200

AMERICAN CIVIL LIBERTIES UNION
  FOUNDATION OF NORTHERN CALIFORNIA
JULIA HARUMI MASS #189649
jmass@aclunc.org
LINDA LYE #215584
llye@aclunc.org
39 Drumm Street
San Francisco, California 94111
Telephone No.: (415) 621-2493
Facsimile No.: (415) 255-8437

Attorneys for Plaintiffs
DENNIS JOSEPH RAIMONDO and
ERIC ANTHONY GARRIS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DENNIS JOSEPH RAIMONDO (a.k.a. JUSTIN RAIMONDO), an individual, and ERIC ANTHONY GARRIS, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>FEDERAL BUREAU OF INVESTIGATION,<br><br>Defendant. | No. 13-02295 JSC<br><br>PLAINTIFFS' NOTICE OF MOTION; MOTION TO COMPEL DISCOVERY RESPONSES FROM DEFENDANT FEDERAL BUREAU OF INVESTIGATION; AND SUPPORTING MEMORANDUM<br><br>Date:      April 2, 2015<br>Time:      9:00 a.m.<br>Ctrm.      F, 15th Fl.<br>Judge:    Jacqueline Scott Corley |

# TABLE OF CONTENTS

Page

NOTICE OF MOTION AND MOTION TO COMPEL ........................................................1

MEMORANDUM OF POINTS AND AUTHORITIES ...................................................3

I.    INTRODUCTION ...........................................................................................3

II.   STATEMENT OF ISSUES TO BE DECIDED .............................................3

III.  FACTUAL AND PROCEDURAL BACKGROUND ....................................4

    A.  Plaintiffs' Discovery Requests and Defendant's Responses Thereto ..................4

    B.  Relevant Meet-and-Confer History ....................................................5

IV.   DISCOVERY REQUESTS AT ISSUE .........................................................7

V.    ARGUMENT ....................................................................................................8

    A.  The Information Plaintiffs Seek to Compel is Reasonably Calculated to
        Lead to the Discovery of Admissible Evidence ....................................8

    B.  Defendant Has Not Supported Its Boilerplate Privilege Objections. ................10

        1.  Objections Based on Law Enforcement Privilege ...........................10

        2.  Classified Information ..........................................................18

    C.  Defendant's Privacy Objections Are Meritless .......................................21

        1.  RFP Nos. 3-4 .......................................................................21

        2.  Garris Interrogatory No. 3 ...................................................21

        3.  Raimondo Interrogatory Nos. 9 and 10 ..................................22

    D.  Other Unmeritorious Objections ........................................................23

        1.  Vague and Ambiguous Objections ..........................................23

        2.  Unduly Burdensome Objections .............................................24

        3.  Calls for Legal Conclusion Objections ...................................24

VI.   CONCLUSION ................................................................................................25

705692692v1

1

# TABLE OF AUTHORITIES

2

## Cases

3   *Al Haramain Islamic Foundation, Inc. v. U.S. Dep't of Treasury*,
        686 F.3d 965 (9th Cir. 2011) ................................................................. 20
4

    *Artis v. Deere & Co.*,
5       276 F.R.D. 348 (N.D. Cal. 2001) .......................................................... 21

6   *Burlington Northern & Santa Fe Ry. v. United States Dist. Court*,
        408 F.3d 1142 (9th Cir. 2005) ........................................................ 17, 20
7

    *Dang v. Cross*,
8       No. 00-13001, 2002 WL 432197 (C.D. Cal. Mar. 18, 2002) .................. 24

9   *Ibrahim v. DHS*,
        No. 06-00545, 2013 WL 1703367 (N.D. Cal. Apr. 19, 2013) .......... 10, 11
10

    *Ibrahim v. DHS*,
11      No. 06-00545-WHA (N.D. Cal. Apr. 2, 2013) ...................................... 18

12  *In Re Sealed Case*,
        856 F.2d 268 (D.C. Cir. 1988) ............................................... 10, 11, 13
13

    *Johnson & Johnston v. R.E. Service*,
14      No. 03-2549, 2004 WL 3174428 (N.D. Cal. Nov. 2, 2004) ............. 24, 25

15  *Mohamed v. Jeppesen Dataplan, Inc.*,
        614 F.3d 1070 (9th Cir. 2010) ...................................................... 18, 19, 20
16

    *Oppenheimer Fund, Inc. v. Sanders*,
17      437 U.S. 340 (1970) ............................................................................. 9

18  *S.E.C. v. Gowrish*,
        No. 09-05883, 2010 WL 1929498 (N.D. Cal. May 12, 2010) ............... 10
19

    *United States v. Larson*,
20      No. 12-cr-00886, 2014 WL 5696204 (N.D. Cal. Nov. 4, 2014) ............ 10

21  *United States v. Ruehle*,
        583 F.3d 600 (9th Cir. 2009) ............................................................... 10
22

## Statutes and Codes

23

United States Code
24      Title 5, section 552a(b)(11) ................................................................. 21
        Title 5, section 552a(e)(7) ............................................................ passim
25

## Rules and Regulations

26

Civil Local Rules
27      Rule 37 ................................................................................................ 1
        Rule 37-1 ............................................................................................. 2
28      Rule 37-2 ............................................................................................. 5

705692692v1

1

Federal Rules of Civil Procedure

Rule 26(b)(1) ................................................................................................ 9

2

Rule 33................................................................................................................ 1

Rule 33(d) ....................................................................................................... 17

3

Rule 34................................................................................................................ 1

Rule 37.......................................................................................................... 1, 2

4

Rule 37(a)(3)(B) ........................................................................................... 1

Rule 37(a)(3)(B)(iii) ................................................................................... 8

5

Rule 37(a)(4) .................................................................................................. 8

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- iii -

PLAINTIFFS' NOTICE OF MOTION AND
MOTION TO COMPEL DISCOVERY RESPONSES
Case No. 13-02295 JSC

1    **<u>NOTICE OF MOTION AND MOTION TO COMPEL</u>**

2    **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

3        **PLEASE TAKE NOTICE THAT**, on Thursday, April 2, 2015, in Courtroom F of

4    the United States District Court, Northern District of California, San Francisco Division,

5    located at 450 Golden Gate Avenue, San Francisco, California at 9:00 a.m., or as soon

6    thereafter as this matter may be heard, pursuant to Federal Rule of Civil Procedure 37 and

7    Civil Local Rule 37, Plaintiffs **DENNIS JOSEPH RAIMONDO** and **ERIC ANTHONY**

8    **GARRIS** ("Plaintiffs"), will and hereby do move for an order compelling Defendant

9    Federal Bureau of Investigation ("Defendant") to produce documents responsive to

10   Plaintiffs' First Set of Requests for Production Propounded to Defendant ("RFP") Nos. 3

11   and 4, to provide a further response to Plaintiff Garris's First Set of Interrogatories

12   Propounded to Defendant ("Garris Interrogatory") No. 3, and to provide a further response

13   to Plaintiff Raimondo's First Set of Interrogatories Propounded to Defendant ("Raimondo

14   Interrogatory") Nos. 5-11.

15       This Motion is made pursuant to Rule 37(a)(3)(B) of the Federal Rules of Civil

16   Procedure ("FRCP"), Civil Local Rule 37, and the Court's order dated December 18, 2014,

17   on the ground that Defendant has not responded to interrogatories as required by FRCP 33

18   and has failed to permit inspection of documents as required by FRCP 34.  Good cause

19   exists for granting the relief because the requested documents and information are relevant

20   to Plaintiffs' Privacy Act claim under 5 U.S.C. § 552a(e)(7) that alleges improper

21   maintenance of records describing Plaintiffs' exercise of First Amendment rights, and

22   relevant to rebutting Defendant's contention that any such records are properly maintained

23   and fall within the law enforcement activity exception to the general prohibition on

24   maintenance of such records.

25       This motion is without waiver to any future motion Plaintiff Garris may bring to

26   compel responses to Plaintiff Garris's Second Set of Interrogatories, should Plaintiff Garris

27   deem it necessary at a later date.

28

1    Plaintiffs' Motion is based on this Notice of Motion and accompanying

2  Memorandum of Points and Authorities, the Declaration of Laura C. Hurtado ("Hurtado

3  Decl."), and all other pleadings and matters of record in this case.

4    Pursuant to Federal Rule of Civil Procedure 37 and Civil Local Rule 37-1,

5  Plaintiffs' counsel certifies that they met and conferred in good faith via telephonic and

6  written communication and in person with counsel for Defendant in an effort to resolve the

7  dispute addressed herein without court involvement.  While the parties resolved certain

8  issues through the meet-and-confer process, they were unable to reach an agreement on the

9  issues addressed in this Motion.

10  Dated:  January 22, 2015.                    Respectfully submitted,

11                                              PILLSBURY WINTHROP SHAW PITTMAN LLP
                                                THOMAS V. LORAN III
12                                              ANDREW BLUTH
                                                LAURA C. HURTADO
13
                                                By _____/s/ Laura C. Hurtado_____
14                                                           Laura C. Hurtado

15                                              AMERICAN CIVIL LIBERTIES UNION
                                                  FOUNDATION OF NORTHERN CALIFORNIA
16                                              JULIA HARUMI MASS
                                                LINDA LYE
17
                                                Attorneys for Plaintiffs
18                                              DENNIS JOSEPH RAIMONDO and
                                                ERIC ANTHONY GARRIS

19

20

21

22

23

24

25

26

27

28

705692692v1                                                PLAINTIFFS' NOTICE OF MOTION AND
                                                           MOTION TO COMPEL DISCOVERY RESPONSES
                                                           Case No. 13-02295 JSC

1   **MEMORANDUM OF POINTS AND AUTHORITIES**

2   **I.   INTRODUCTION**

3       In this FOIA and Privacy Act case, Plaintiffs seek to compel further responses to

4   discovery requests seeking information and documents that are eminently relevant to

5   Plaintiffs' Privacy Act claim against Defendant for improper maintenance of records

6   describing Plaintiffs' First Amendment activity.  Plaintiffs propounded the subject

7   discovery requests in August 2014.  Despite Plaintiffs' attempts to meet and confer with

8   Defendant regarding its discovery responses, Defendant continues to assert various

9   privileges and objections in boilerplate fashion and insists on withholding highly relevant

10  information from Plaintiffs.  Defendant's withholding of this information is prejudicial to

11  Plaintiffs as it undermines Plaintiffs' ability to determine the credibility of Defendant's

12  assertion that its maintenance of records describing Plaintiffs' First Amendment activity

13  falls within a narrow exception to the general prohibition on maintenance of such records.

14  Plaintiffs respectfully request that the Court order Defendant to provide further responses to

15  Garris Interrogatory No. 3, Raimondo Interrogatory Nos. 5-11 and RFP Nos. 3-4, each of

16  which seeks information related to the Privacy Act claim described herein.

17  **II.   STATEMENT OF ISSUES TO BE DECIDED**

18      Each of the requests at issue seek information regarding Defendant's maintenance

19  of records describing Plaintiffs' First Amendment activity, including Defendant's

20  maintenance of an FBI memorandum dated April 30, 2004 (the "April 30 Memo"), which

21  recommended that a preliminary investigation be opened into each of Plaintiffs.  The April

22  30 Memo memorializes a threat assessment of Antiwar.com, an anti-interventionist website

23  that publishes news and opinion articles about U.S. foreign and military policy.  By review

24  of documents obtained through their FOIA request, Plaintiffs discovered that the only basis

25  for the threat assessment, other than Plaintiffs' First Amendment activity, was a reckless

26  and mistaken belief on the part of the FBI that Plaintiff Garris, managing editor of

27  Antiwar.com, made a threat to hack the FBI website.  This error had been memorialized in

28  an FBI memorandum dated January 7, 2002 (the "January 2002 Memo"), and **the FBI has**

1   **since admitted that Plaintiff Garris did not threaten to hack the FBI but instead**

2   **reported to the FBI a hacking threat directed to the Antiwar.com website.**  Still, the

3   misdirected April 30 Memo remains in the FBI's system of records, despite the evaporation

4   of any arguable law enforcement justification for maintaining descriptions and examples of

5   Plaintiffs' First Amendment activity.[1]

6       This Motion thus presents the following issues:

7       1.    Whether Defendant is obligated to produce documents withheld, and reduce

8   redactions in documents produced, in response to RFP Nos. 3 and 4 concerning documents

9   that describe Plaintiffs' First Amendment protected activity;

10      2.    Whether Defendant is obligated to provide a further response to Garris

11  Interrogatory No. 3, which seeks the identity of the author of the January 2002 Memo,

12  which memorandum erroneously states that Plaintiff Garris threatened to hack the FBI

13  website and was cited in the April 30 Memo as the basis for the April 30 Memo; and

14      3.    Whether Defendant is obligated to provide full responses to Raimondo

15  Interrogatory Nos. 5-11, each of which seek facts relevant to determining the lawfulness of

16  Defendant's maintenance of records describing Plaintiffs' exercise of First Amendment

17  rights.

18  **III.    FACTUAL AND PROCEDURAL BACKGROUND**

19      **A.    Plaintiffs' Discovery Requests and Defendant's Responses Thereto**

20      Plaintiffs served their first set of discovery requests on August 15, 2014.  They are

21  comprised of the following:  Plaintiff Garris's First Set of Interrogatories; Plaintiff

22  Raimondo's  First Set of Interrogatories; Plaintiffs' First Set of Requests for Production

23  (collectively, the "Discovery Requests").[2]  Hurtado Decl. at ¶ 2, Exs. A, B, and C.

24

25  [1]    Plaintiffs do not concede that the FBI's maintenance of the April 30 Memo was
26  justified at the time it began.  On the contrary, memorializing the FBI's threat assessment
    violated the Privacy Act, 5 U.S.C. § 552a(e)(7).

27  [2]    Plaintiffs also served Plaintiffs' First Set of Requests for Admission on August 15,
28  2014.  There are no outstanding discovery issues pertaining to the Requests for Admission.
                                                                        (continued…)

1    Defendant's discovery responses were due September 15, 2014.  Defendant requested and

2    Plaintiffs agreed to a one-month extension for Defendant's responses.  Defendant served its

3    responses to the Discovery Requests on October 15, 2014 (and served supplemental

4    responses to Raimondo's First Set of Interrogatories on December 12, 2014) and did not

5    provide a privilege log until January 8, 2015.  Hurtado Decl. at ¶ 4-6, Exs. D, E, F, and G.

6         **B.        Relevant Meet-and-Confer History**

7              The meet-and-confer history reveals Defendant's intent to delay discovery

8    proceedings and improperly withhold information from Plaintiffs.  At Plaintiffs' request,

9    the parties met and conferred by telephone on October 28, 2014.  During that call,

10   Plaintiffs' counsel informed counsel for Defendant that nearly every one of Defendant's

11   discovery responses was deficient due, in large part, to unsubstantiated assertions of

12   privilege, including the law enforcement privilege and Defendant's assertion of classified as

13   a blanket discovery privilege.  Plaintiffs' counsel identified several global issues, which, if

14   resolved, would limit the scope of issues to be addressed in this Motion.  One such issue

15   was Defendant's failure to provide a privilege log to Plaintiffs as required by this Court's

16   Civil Standing Order.  Defendant argued that it need not provide a privilege log on the

17   grounds that the *Vaughn* Index provided sufficient information.  Hurtado Decl. at ¶ 7.

18             The parties appeared at a Case Management Conference on November 6 and the

19   Court set a schedule based on counsel's schedules, requiring the parties to complete their

20   meet-and-confer efforts by December 19.  In a meet-and-confer letter dated November 25,

21   2014, Plaintiffs provided Defendant with a comprehensive explanation of the ways in

22   which Defendant's discovery responses are inadequate.  Therein, Plaintiffs reiterated that

23   Defendant had been obligated to provide a privilege log by October 29, detailed the ways in

24

25   _____

     (…continued)

26        Pursuant to Civil Local Rule 37-2 a copy of the Discovery Requests and responses
     thereto are attached to the Hurtado Declaration.  For the court's convenience, Plaintiffs also
27   attach a chart setting forth each discovery request, each response as to which Plaintiffs seek
     relief through this Motion, and the requested relief.  Hurtado Decl. at ¶ 21, Ex. L.
28

PLAINTIFFS' NOTICE OF MOTION AND
                                              MOTION TO COMPEL DISCOVERY RESPONSES
                                              Case No. 13-02295 JSC

1   which the *Vaughn* Index failed to provide the information required in a privilege log, and

2   requested a written response, including a privilege log.  Hurtado Decl. at ¶¶ 10-11; Ex. H.

3         On December 8, 2014, counsel for Defendant called Plaintiffs' counsel and stated

4   that Defendant was agreeable to providing a privilege log but would likely not be able to do

5   so in time for the parties to complete their meet and confer by December 19, the deadline

6   originally ordered by this Court.  Hurtado Decl. at ¶ 13.  Plaintiffs declined to agree to an

7   extension of time.  Defendant moved for an order extending the discovery deadlines.

8   Plaintiffs opposed.  On December 18, the Court issued a revised schedule ordering the

9   parties to complete their meet and confer by January 9, 2015.

10        Via e-mail correspondence on December 18, 2014, Defendant requested to postpone

11  the in-person meet and confer until January 7, 8, or 9.  The parties agreed to meet on

12  January 8 and Plaintiffs' counsel requested that Defendant provide a response to Plaintiffs'

13  meet-and-confer letter, including the privilege log, no later than 72 hours in advance of the

14  meet and confer.  Plaintiffs' counsel e-mailed counsel for Defendant on December 31, on

15  January 5, and again on January 6 after not having received a response from Defendant

16  regarding the January 8 meet and confer.  At 6:41PM on January 6, counsel for Defendant

17  responded to Plaintiffs' counsel's e-mail, requested that Plaintiffs agree to move the meet

18  and confer to January 9, and suggested Plaintiffs had not previously requested the privilege

19  log in advance of the meet and confer, stating:  "As I understand your current e-mail, you

20  are now also requesting a copy of the privilege log in advance of the meet and confer."

21  Hurtado Decl. at ¶¶ 16, 17, Ex. I.

22        Counsel for Defendant e-mailed a copy of Defendant's response to the November

23  25 meet-and-confer letter on the afternoon of January 7.  Counsel for Defendant did not

24  provide a copy of the privilege log and a twelve-page supplemental production of

25  documents until January 8 at 5:47 PM.  The meet and confer was scheduled for 12:15 PM

26  the next day.  Hurtado Decl. at ¶¶ 18, 19, Exs. J and K.

27        The in-person meet and confer lasted approximately four hours.  The focus of the

28  meet and confer from Plaintiffs' perspective was to understand the scope of the privilege

1  log and to understand Defendant's position regarding the law enforcement privilege and its

2  assertion that classified documents enjoy a blanket civil discovery privilege.  Plaintiffs also

3  aimed to clarify any terms Defendant identified in its discovery responses as vague and

4  ambiguous.  Hurtado Decl. at ¶ 20.  As a result of the meet and confer, Plaintiffs were able

5  to narrow the request and issues to be included in this Motion.

6  **IV.    DISCOVERY REQUESTS AT ISSUE**

7          Plaintiffs seek to compel further responses to eight interrogatories and two requests

8  for production.  In particular, Plaintiffs challenge insufficient answers as well as

9  Defendant's withholding of information, documents, or portions of documents based on the

10  law enforcement privilege, an asserted privilege for "classified information," and privacy

11  interests where the existing protective order in this case is sufficient to address any privacy

12  concerns.  The following requests are the subject of this Motion:

13  **Garris Interrogatory No. 3**:  IDENTIFY the PERSON who drafted the
    JANUARY 2002 MEMO.
14

    **Raimondo Interrogatory No. 5**:  EXPLAIN how YOUR act to
15  MAINTAIN the APRIL 30 MEMO is pertinent to and within the scope of
    an authorized law enforcement activity.
16

    **Raimondo Interrogatory No. 6**:  EXPLAIN how YOUR act to
17  MAINTAIN the CHRONICLES INTELLIGENCE ASSESSMENT
    ARTICLE is pertinent to and within the scope of an authorized law
18  enforcement activity.

19  **Raimondo Interrogatory No. 7**:  EXPLAIN how YOUR act to
    MAINTAIN the PRAVDA ARTICLE is pertinent to and within the scope of
20  an authorized law enforcement activity.

21  **Raimondo Interrogatory No. 8**:  EXPLAIN how YOUR act to
    MAINTAIN each of the eleven enclosures identified in the APRIL 30
22  MEMO, except for the CHRONICLES INTELLIGENCE ASSESSMENT
    ARTICLE and the PRAVDA ARTICLE, is pertinent to and within the scope
23  of an authorized law enforcement activity.

24  **Raimondo Interrogatory No. 9**:  IDENTIFY the PERSON who made the
    recommendation in the April 30 Memo that a "PI be opened to determine if
25  Eric Anthony Garris and/or Justin Raimondo are engaging in, or have
    engaged in activities which constitute a threat to National Security on behalf
26  of a foreign power."

27  **Raimondo Interrogatory No. 10**:  IDENTIFY all PERSONS YOU know
    or believe have knowledge or information relating to the APRIL 30 MEMO,
28  except for any PERSON identified in Interrogatory No. 9.

1   **Raimondo Interrogatory No. 11**: To the extent that YOUR response to
    any of the Requests for Admission served concurrently with these
2   Interrogatories is anything other than an unqualified admission: (i) state the
    number of the specific Request for Admission; (ii) state all facts upon which
3   YOU base YOUR response(s); (iii) state the names, addresses, and
    telephone numbers of all PERSON who have knowledge of those facts; and
4   (iv) IDENTIFY all DOCUMENTS and other tangible things that support
    YOUR response(s) and (v) state the name, address, and telephone number of
5   the PERSON who has each DOCUMENT or thing.

6   **RFP No. 3**: All DOCUMENTS not yet produced by DEFENDANT to
    PLAINTIFFS in this ACTION that DESCRIBE how GARRIS "exercises
7   rights guaranteed by the First Amendment," as that phrase is defined in 5
    U.S.C. § 552a(e)(7).

8
    **RFP No. 4**: All DOCUMENTS not yet produced by DEFENDANT to
9   PLAINTIFFS in this ACTION that DESCRIBE how RAIMONDO
    "exercises rights guaranteed by the First Amendment," as that phrase is
10  defined in 5 U.S.C. § 552a(e)(7).

11      ***Insufficient responses***: Defendant provided no substantive response to Garris

12  Interrogatory No. 3. Other than a reference to the redacted version of the April 30 Memo

13  itself, Defendant has failed to provide any response to Raimondo Interrogatory Nos. 5-8,

14  each of which asks Defendant to state how its act to maintain the April 30 Memo and its

15  attachments is pertinent to and within the scope of an authorized law enforcement activity.

16  This information goes to the heart of Plaintiffs' Privacy Act claim and must be provided in

17  discovery or barred from use later in this case.

18      ***Improper invocation of privilege***: Although Defendant did provide substantive

19  responses to Raimondo Interrogatory Nos. 9-11 and RFP Nos. 3-4, each response is

20  deficient as Defendant has withheld information based on boilerplate privilege objections,

21  claiming among other unsubstantiated objections and privileges, the law enforcement

22  privilege, a blanket privilege for material designated as "classified," and privacy objections

23  that are resolved by the protective order in place in this action.

24  **V.    ARGUMENT**

25      **A.    The Information Plaintiffs Seek to Compel is Reasonably Calculated to**

26          **Lead to the Discovery of Admissible Evidence**

27      A party may move to compel discovery when responses are evasive or incomplete.

28  Fed. R. Civ. P. 37(a)(4); *see* Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv). Plaintiffs are entitled to

1     discovery regarding any non-privileged matter that is relevant to any party's
       claim or defense—including the existence, description, nature, custody,
2     condition, and location of any documents or other tangible things and the
       identity and location of persons who know of any discoverable matter.  For
3     good cause, the court may order discovery of any matter relevant to the
       subject matter involved in the action.  Relevant information need not be
4     admissible at trial if the discovery appears reasonably calculated to lead to
       the discovery of admissible evidence.
5

6     Fed. R. Civ. P. 26(b)(1).  The scope of discovery has been construed broadly to encompass

7     any matter that bears on, or that reasonably could bear on, any issue that is or may be in the

8     case.  *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1970).

9         Plaintiffs seek an order compelling two categories of information: (1) further

10    responses to eight interrogatories, each of which seeks information highly relevant to

11    Plaintiffs' claim under the Privacy Act for improper maintenance of records describing

12    Plaintiffs' exercise of First Amendment rights, specifically whether Defendant's

13    maintenance of records describing Plaintiffs' First Amendment activity falls outside the

14    general proscription by being pertinent to and within the scope of authorized law

15    enforcement activity; and (2) further responses to two requests for production, each of

16    which seeks records that describe how each Plaintiff exercises his First Amendment rights.

17    As to the first category of information, information pertaining to Defendant's collection and

18    maintenance of records describing Plaintiffs' First Amendment activity is relevant to

19    Plaintiffs' claim under the Privacy Act, 5 U.S.C. § 552a(e)(7) and Defendant's responses

20    are insufficient on their face.[3]  With respect to both categories, Defendant has made

21    boilerplate assertions of privilege and failed to provide even a generalized, non-classified,

22    explanation of how the asserted privileges apply.

23    _____

24    [3]      During the parties' in-person meet and confer, a difference of opinion arose as to
       whether the Privacy Act requires that retention of records describing First Amendment
25    protected activities be within the scope of an *ongoing* authorized law enforcement activity.
       Plaintiffs do not seek to compel documents withheld based on Defendant's relevance
26    objection based on its statutory interpretation, reserving argument regarding the scope of
       the statute for summary judgment.  Plaintiffs do, however, reserve the right to seek that
27    Defendant be precluded from introducing evidence at a later stage of this litigation if such
       evidence was responsive to Plaintiffs' Discovery Requests and withheld on relevance
       grounds tied to Defendant's statutory interpretation.
28

705692692v1

1    **B.    Defendant Has Not Supported Its Boilerplate Privilege Objections.**

2    Defendant has withheld information based on numerous privilege objections,

3    including the law enforcement privilege and alleged privileges under the Privacy Act.

4    Likewise, Defendant has asserted that material designated as "classified" enjoys a blanket

5    civil discovery privilege.  The party asserting the privilege must establish the essential

6    elements of the privilege.  *See U.S. v. Ruehle*, 583 F.3d 600, 607-608 (9th Cir. 2009).

7    Defendant has failed to invoke its asserted privileges properly or otherwise support them.

8    Accordingly, this Court should compel Defendant to produce further responses to Plaintiffs'

9    written discovery.

10    **1.    Objections Based on Law Enforcement Privilege**

11    The law enforcement privilege is qualified, not absolute.  Although the Ninth

12    Circuit has not yet outlined a test for evaluating assertions of the law enforcement privilege,

13    district courts within the Northern District of California have utilized the D.C. Circuit's *In*

14    *Re Sealed Case* test when balancing the interests of disclosure against the need to keep

15    information secret.  *Ibrahim v. DHS*, No. 06-00545, 2013 WL 1703367, at *4 (N.D. Cal.

16    Apr. 19, 2013) (Alsup, J.); *U.S. v. Larson*, No. 12-cr-00886, 2014 WL 5696204, at *4 (N.D.

17    Cal. Nov. 4, 2014) (Freeman, J.); *S.E.C. v. Gowrish*, No. 09-05883, 2010 WL 1929498, at

18    *1-2 (N.D. Cal. May 12, 2010) (Illston, J).  To invoke the law enforcement privilege, the

19    following threshold requirements must be met:  (i) the head of the department having

20    control over the matter must formally assert the privilege (this can be done through a

21    declaration); (ii) the assertion must be based on personal consideration by that official; and

22    (iii) the assertion must state with specificity the rationale of the claimed privilege.  *In Re*

23    *Sealed Case*, 856 F.2d 268, 271 (D.C. Cir. 1988).

24    If the threshold requirements are met, the court is required to engage in a balancing

25    test and weigh the interest of nondisclosure against the need of a particular litigant to access

26    the allegedly privileged information.  Courts must consider the following factors:

27    (1) the extent to which disclosure will thwart governmental processes by
     discouraging citizens from giving the government information; (2) the

28    impact upon persons who have given information of having their identifies

1    disclosed; (3) the degree to which governmental self-evaluation and
consequent program improvement will be chilled by disclosure; (4) whether
2    the information sought is factual data or evaluative summary; (5) whether
the party seeking discovery is an actual or potential defendant in any
3    criminal proceeding either pending or reasonably likely to follow from the
incident in question; (6) whether the police investigation has been
4    completed; (7) whether any interdisciplinary proceedings have arisen or may
arise from the investigation; (8) whether the plaintiff's suit is non-frivolous
5    and brought in good faith; (9) whether the information sought is available
through other discovery or from other sources; and (10) the importance of
6    the information sought to plaintiff's case.

7    *Ibrahim*, 2013 WL 1703367, at *4-5, quoting *In Re Sealed Case*, 856 F.2d at 272.

8             **a.    RFP Nos. 3 and 4**

9          During the meet and confer, Defendant explained that all documents listed in the

10   privilege log that begin with the prefix "Antiwar" are responsive to RFP Nos. 3-4 and all

11   documents that begin with the prefix "USA" are responsive to RFP Nos. 1-2.  RFP Nos. 3-4

12   are the only requests for production at issue in this Motion.[4]  Plaintiffs move to compel

13   production of numerous redacted portions of Antiwar 57-66, which comprises the April 30

14   Memo; Antiwar 1-6, which has been withheld in significant part and which counsel for

15   Defendant stated during the in-person meet and confer was a response to a complaint; and

16   Antiwar 7-16, which has also been withheld in significant part, and which during the in-

17   person meet and confer counsel for Defendant indicated may contain a discussion of an

18   article written by one of Plaintiffs.  Hurtado Decl. at ¶ 22, Exs. M and N.

19             **i.    April 30 Memo, Antiwar 57-66**

20          Despite Plaintiffs' explanation of the threshold requirement of the law enforcement

21   privilege in the November 25 meet-and-confer letter, Defendant has failed to provide a

22   detailed declaration from a department head or any other person with personal knowledge

23   of any specific basis for application of the law enforcement privilege as to RFP Nos. 3-4.

24   Defendant's privilege log sheds little light on the matter, for several reasons.  First,

25

26   [4]      RFP Nos. 1-2 seek all documents referenced or relied on by Defendant in
responding to Garris and Raimondo's First Set of Interrogatories.  To the extent the Court
27   orders Defendant to provide further responses to any the interrogatories at issue herein,
Plaintiffs reserve the right to seek further responses to RFP Nos. 1-2.

28

1   Defendant lists the same justification for both the law enforcement and asserted "classified

2   privilege."  For the April 30 Memo, Antiwar 57-66, Plaintiffs believe the following may be

3   relevant to Defendant's assertion of the law enforcement privilege:

> 4   The pages have information containing the names and/or identifying
>     information of FBI Special Agents (SA's) and/or support personnel; names
> 5   and/or identifying information of third parties who provided information to
>     the FBI; names and/or identifying information of persons merely mentioned;
> 6   information containing the names and/or identifying information of third
>     party subjects of, or file numbers assigned to pending investigations;
> 7   information containing the names and/or identifying information of
>     individuals who provided information under an implied assurance of
> 8   confidentiality; information pertaining to the investigative focus of a
>     specific investigation; information pertaining to the application of certain
> 9   sensitive investigative techniques and methods used within specific
>     investigations; sensitive FBI files/subfiles; and the names and/or numbers
> 10  and/or alpha designators of sensitive FBI squads/units.

11   However, as illustrated with this example, Defendant's "brief summary of facts" is a lengthy

12   list of assertions about the character of redacted or withheld information and does not specify

13   which reason applies to which redaction box.  Moreover, the "facts" themselves fail to

14   provide details critical to Plaintiffs, such as whether the "names and/or identifying

15   information of persons merely mentioned" refer to persons with any relationship to Plaintiffs

16   or Antiwar.com or whether for "information pertaining to the investigative focus of a specific

17   investigation" the specific investigation is one for which Antiwar.com is a subject or merely

18   a source.[5]  The April 30 Memo includes redactions of large paragraphs with little context to

19   clue Plaintiffs in to which of the listed justifications may apply.  Defendant's failure to

20   provide a non-classified explanation of which justifications are meant to apply to each

21   

22   [5]      Plaintiffs do not challenge the withholding of case file numbers.  As to individuals,
         Defendant has already provided the names of two individuals who made the
23       recommendation in the April 30 Memo to open a preliminary investigation of Plaintiffs in
         response to Raimondo Interrogatory No. 9 and the names of three individuals who have
24       information relating to the same in response to Raimondo Interrogatory No. 10.  As
         explained below, *infra* p. 21, identities of other government officials can be adequately
25       protected through the existing protective order in this action.  The propriety of
         withholding other identifying information about third parties depends on the actual law
26       enforcement interest at stake as well as their relationship to Plaintiffs, *e.g.,* are they
         subjects of investigation already publicly known to be of interest to the FBI or persons
27       who have written with or for the Plaintiffs' online magazine or are they truly secret
         targets or confidential informants?

28

1  redaction or any description of the law enforcement interest at stake for the various

2  redactions leaves Plaintiffs in the dark, unable to assess (much less counter) Defendant's

3  assertion of privilege.[6]  Given the context provided by what the April 30 Memo *does* reveal,

4  Plaintiffs have no choice but to assume the redacted and withheld information is of interest

5  and relevance to Plaintiffs' claims and Defendant's defenses.

6         Even if Defendant had met the threshold requirements for asserting the privilege, the

7  *In Re Sealed Case* factors weigh in favor of disclosure.  The requested information is

8  important to Plaintiffs' Privacy Act claim which alleges that Defendant has improperly

9  maintained records describing Plaintiffs' First Amendment activity (*Factor 10*).  This claim

10  is not frivolous and is brought in good faith (*Factor 8*).  The requested information is not

11  available from any other sources to which Plaintiffs have access (*Factor 9*).  Moreover,

12  Plaintiffs are not actual or potential defendants in any criminal proceeding that is pending or

13  is reasonably likely to follow from the threat assessment memorialized in the April 30

14  Memo; indeed, a subsequent FBI memorandum dated July 29, 2004, declined the

15  recommendation made in the April 30 Memo to open a preliminary investigation of Plaintiffs

16  (*Factor 5*).  In addition, Plaintiffs have no information suggesting that the investigation

17  referenced in the April 30 Memo is still underway (*Factor 6*).[7]  Plaintiffs have no

18  information that any interdepartmental disciplinary proceedings have arisen from the

19  information contained in the April 30 Memo (*Factor 7*).  There is no indication that

20  governmental self-evaluation or program improvement will be impacted by disclosure of the

21  requested information (*Factor 3*).  Plaintiffs do not know if the information sought is factual

22  or evaluative summary (*Factor 4*).  Finally, to the extent that truly confidential sources will

23  _____

24  [6]    By limiting the objections Plaintiffs seek to challenge in this Motion, Plaintiffs do
      not hereby waive their right to challenge the FOIA exemptions claimed within the
25  documents produced in response to Plaintiffs' FOIA request, some of which are responsive
      to Plaintiffs' document requests.

26  [7]    While the privilege log makes reference to a pending investigation, it is impossible
      to determine if there is such an investigation due to the use of the word "or" as follows:
27  "information containing the names and/or identifying information of third party subjects of,
      *or* file numbers assigned to *pending* investigations."  Hurtado Ex. K at 2 (emphasis added).

28

                                              - 13 -

1    be impacted the privilege could be upheld.  (*Factors 1 and 2*).  *See supra* p. 12 n.5.  Thus,

2    with the possible exception of identifying information for government informants, all of the

3    factors balance in favor of disclosure of the information contained in the April 30 Memo.

4                          **ii.    Antiwar 1-6 and Antiwar 7-16**

5            Defendant has failed to provide a declaration from a department head with personal

6    knowledge of any specific basis for asserting the law enforcement privilege as to Antiwar

7    1-6[8] or Antiwar 7-16.  Nevertheless, Defendant has withheld the pages marked Antiwar 1-3,

8    8, and 10-16 in their entireties and significantly redacted the pages marked Antiwar 7 and 9

9    based on insufficient assertions about the nature of the withheld information.  The privilege

10   log states the following basis for the withholdings in Antiwar 1-6:

11           These pages have information containing the names, identifying information
             of or activities of third party subjects of, or file numbers assigned to pending
12           investigations; information containing the names and/or identifying
             information of FBI Special Agents (SA's) and/or support personnel; names
13           and/or identifying information of third parties who provided information to
             the FBI; names and or identifying information of persons merely mentioned;
14           information containing the names and/or identifying information of
             individuals who provided information under implied assurance of
15           confidentiality; information pertaining to the investigative focus of a
             specific investigation; information pertaining to the application of certain
16           sensitive Domestic Terrorism (DT) and International Terrorism (IT)
             investigative techniques and methods used within specific Investigations;
17           sensitive FBI files/sub files; the names and/or numbers and/or alpha
             designators of sensitive FBI squads/units.

18           The log states the following basis for the withholdings in Antiwar 7-16:

19
             These pages have information containing the names and/or identifying
20           information of FBI Special Agents (SA's) and/or support personnel; names
             and/or identifying information of third parties who provided information to
21           the FBI; names and/or identifying information of persons merely mentioned;
             information pertaining to the investigative focus of a specific investigation;
22           the types of investigations (preliminary or full) in specific IT cases and the
             dates associated with these types of investigations; information pertaining to
23           the application of certain sensitive investigative techniques and methods
             used within specific investigations; sensitive FBI files/sub files; the names
24           and/or numbers and/or alpha designators of sensitive FBI squads/units.

25

26   ───────────────
     [8]         The privilege log lists Antiwar 1-6 as one entry.  It appears that the pages marked
27   Antiwar 4-6 have been produced in their entirety.  To the extent they have, Plaintiffs only
     seek to compel production of the pages marked Antiwar 1-3.
28

1    As with the April 30 Memo, the "brief summary of facts" for both documents lumps together

2    its characterizations of the redacted and withheld information and the "facts" fail to provide

3    details necessary to understand the relationship of the withheld information to Plaintiffs or

4    Antiwar.com. *See supra* pp. 11-13  Given the information that Plaintiffs know about the

5    documents—that one is a response to a complaint, the subject of which is unknown to

6    Plaintiffs but has been produced in response to a request for documents describing Plaintiffs'

7    First Amendment activity (Antiwar 1-6), and that the other is an FBI memorandum dated

8    August 18, 2004 that may contain a discussion of an article written by one of Plaintiffs

9    (Antiwar 7-16)—Plaintiffs must assume that the withheld information is relevant to their

10   Privacy Act claims.[9]  *See* Hurtado Decl. at ¶ 22.

11          Apart from Defendant's failure to provide the required statement from a department

12   head to assert the law enforcement privilege, the *In Re Sealed Case* factors weigh in favor of

13   disclosure.  The requested information is relevant to Plaintiffs' non-frivolous Privacy Act

14   claim for improper maintenance of records describing Plaintiffs' First Amendment activity

15   (*Factors 8 and 10*).  Plaintiffs are unaware of any other source from which they can obtain

16   the requested information (*Factor 9*).  Plaintiffs are not actual and do not believe they are

17   potential defendants in any criminal proceeding that is pending or is reasonably likely to

18   follow from any incident referenced in the subject documents (*Factor 5*).  In addition,

19   Plaintiffs have no information suggesting any investigation referenced in Antiwar 1-6 or

20   Antiwar 7-16 is still underway (*Factor 6*).[10]  Plaintiffs have no information that any

21   interdepartmental disciplinary proceedings have arisen from the information contained in the

22   subject documents (*Factor 7*).  Plaintiffs do not know if the information sought is factual or

23   _____

24   [9]      As explained in footnote 5,  Plaintiffs do not challenge the withholding of case file
         numbers.

25   [10]     The privilege log entry for Antiwar 1-6 references a pending investigation,
         Plaintiffs do not know if there is such an investigation—much less whether any purported
26   investigation pertains to themselves or Antiwar.com—due to the use of  "or" as follows:
         "information containing the names, identifying information of or activities of third party
27   subjects of, *or* file numbers assigned to *pending* investigations."  Hurtado Ex. K at 1.
         (emphasis added).

28

1   evaluative summary (*Factor 4*).  There is no indication that governmental self-evaluation or

2   program improvement will be impacted by disclosure of the requested information (*Factor*

3   *3*).  As with the redactions to the April 30 Memo, the privilege may be upheld to the extent

4   that specific justifications as to particular confidential sources are provided (*Factors 1 and*

5   2), and therefore, with that possible exception, all of the factors balance in favor of disclosure

6   of the requested information.

7              **b.      Raimondo Interrogatory Nos. 5-8**

8              Raimondo Interrogatory Nos. 5-8 ask Defendant to state how its maintenance of the

9   April 30 Memo, including its eleven enclosures, is pertinent to and within the scope of an

10  authorized law enforcement activity.  Defendant fails to provide a substantive response to

11  Interrogatory Nos. 6-8.  In response to Interrogatory No. 5, Defendant states,

12  "Unclassified/non-privileged responsive information is contained in the redacted versions

13  of the 'APRIL 30 MEMO.'"  Plaintiffs move to compel further responses to Interrogatory

14  Nos. 5-8, each of which seek information that is critical to Plaintiffs' ability to sustain its

15  Privacy Act claim for improper maintenance of records describing their First Amendment

16  activity.

17             Defendant has provided no declaration to meet the threshold requirement for its

18  assertion of the law enforcement privilege.  First, as to each interrogatory, Defendant has

19  merely asserted that it "objects that the information requested is classified ***and/or*** protected

20  by the law enforcement privilege."  Defendant's use of "and/or" makes it unclear if

21  Defendant intends to assert the law enforcement privilege as to each interrogatory.[11]

22  Regardless, this bare bones assertion of the law enforcement privilege is woefully

23  insufficient to uphold the privilege.  *See Burlington Northern & Santa Fe Ry. v. United*

_____

25  [11]     During the parties' in-person meet and confer, counsel for Defendant explained
    Defendant's use of "and/or."  It is Defendant's position that in certain instances the
26  requested information is protected from disclosure under the law enforcement privilege, in
    others, the requested information is classified, and in others explaining the basis for
27  Defendant's assertion of the law enforcement privilege would allegedly require the
    government to divulge classified information.  Hurtado Decl. ¶ at 20.

28

PLAINTIFFS' NOTICE OF MOTION AND
MOTION TO COMPEL DISCOVERY RESPONSES
Case No. 13-02295 JSC

1   *States Dist. Court*, 408 F.3d 1142, 1149-1150 (9th Cir. 2005) (failure of "sophisticated

2   litigant" to assert timely privilege claim results in waiver).  Second, Defendant has failed to

3   meet FRCP 33(b)(4)'s basic requirement that "the grounds for objecting to an interrogatory

4   must be stated with specificity."

5        Furthermore, although Defendant has provided a "substantive" response to

6   Raimondo Interrogatory No. 5, its response is deficient.  FRCP 33(d) provides:

7         If the answer to an interrogatory may be determined by examining, auditing,
          compiling, abstracting, or summarizing a party's business records . . , ***and*** if

8         the burden of deriving or ascertaining the answer will be substantially the
          same for either party, the responding party may answer by: . . .  (2) giving

9         the interrogating party a reasonable opportunity to examine and audit the
          records and to make copies, compilations, abstracts, or summaries.

10

11   Defendant has made no showing that the burden of deriving or ascertaining the answer will

12   be the same for Plaintiffs as for Defendant.  It would not.  Plaintiffs are not law

13   enforcement officials.  Plaintiffs' ability to review the April 30 Memo, which is the subject

14   of this interrogatory, and make meaning of its contents is significantly less than that of

15   Defendant's, whose mission is law enforcement.

16        By failing to provide any specific basis for its assertion of the law enforcement

17   privilege, Defendant has deprived Plaintiffs and the Court of the ability to engage in the

18   requisite balancing test required by the *In Re Sealed Case* to determine if the law

19   enforcement privilege should be upheld.  There is no reason to believe it should.  *See supra*

20   pp. 13-14.  Defendant should be compelled to provide a further written response to

21   Raimondo Interrogatory Nos. 5-8 and precluded from relying on information at a later stage

22   of this litigation if such information was responsive to Interrogatory Nos. 5-8 but withheld

23   from Plaintiffs on the basis of the law enforcement privilege.

24           **c.**     **Raimondo Interrogatory No. 11**

25        This interrogatory seeks the basis of Defendant's denials of the requests for

26   admission ("RFA"s) contained in Plaintiffs' First Set of RFAs.  In response to Interrogatory

27   No. 11, Defendant addressed its denials of RFA Nos. 6, 7, 8, and 11.  The subject of these

28   RFAs is whether Defendant's maintenance of the April 30 Memo was pertinent to and

1    within the scope of an authorized law enforcement activity, or otherwise expressly

2    authorized by statute, either at the time Defendant began to maintain the April 30 Memo or

3    currently.  The requested information is highly relevant to Plaintiffs' Privacy Act claim

4    under 5 U.S.C. § 552a(e)(7).

5        With respect to its denials of RFA Nos. 6, 7, 8, and 11, Defendant asserted that all

6    facts and documents upon which its denials are based are "classified and/or protected by the

7    law enforcement privilege" and that "unclassified/non-privileged information" is contained

8    in the redacted version of the April 30 Memo.  Each response is deficient.  Defendant

9    provided no declaration to properly assert the law enforcement privilege, assuming it is

10   Defendant's intention to assert it.  Because Defendant has failed to provide them, there are

11   no facts to weigh in consideration of the *In Re Sealed Case* factors.  Even so, Plaintiffs have

12   no reason to believe that the *In Re Sealed Case* factors weigh in favor of withholding the

13   requested information.  *See supra* pp. 13-14.  Defendant should be compelled to provide a

14   written response to Raimondo Interrogatory No. 11.[12]

15                **2.    Classified Information**

16       Defendant improperly claims a blanket civil discovery privilege for any material

17   designated as "classified."  An en banc panel of the Ninth Circuit has stated unequivocally

18   that, "an executive decision to classify information is insufficient to establish that the

19   information is privileged."  *Mohamed v. Jeppesen Dataplan, Inc.*, 614 F.3d 1070, 1082 (9th

20   Cir. 2010).  Defendant has offered no binding case law to the contrary.  Plaintiffs

21   acknowledge, nonetheless, that in limited circumstances, classified information may be

22   withheld in civil discovery pursuant to the state secret privilege.  Defendant has not asserted

23   this privilege, so it does not apply here.[13]

24   _____

25   [12]      As with Defendant's reference to the redacted April 30 Memo in response to
     Raimondo Interrogatories Nos. 5-8, the document on its own is an insufficient response
26   and, unless Defendant provides an appropriate supplemental response, it should be
     precluded from relying on additional responsive information later in this litigation.
27   [13]      "The extension of the state secret privilege is not a given, nor an absolute."  *Ibrahim
     v. DHS*, No. 06-00545 WHA, at 1 (N.D. Cal. Apr. 2, 2013) (Dkt. No. 462).  Similar to the
28                                                                    (continued…)

1          **a.      RFP Nos. 3 and 4**

2          The April 30 Memo is the only document responsive to RFP Nos. 3-4 for which

3    Plaintiffs seek to compel disclosure of information over Defendant's assertion of

4    "classified" as a blanket discovery privilege.  In its boilerplate response to RFP Nos. 3-4,

5    Defendant states that the requests "seek documents that are classified and/or protected by

6    the law enforcement privilege."  Again, the privilege log fails to shed further light on

7    Defendant's basis for  withholding "classified" information contained in the April 30

8    Memo.  Although the privilege log combines facts purportedly supporting Defendant's

9    assertion of both the law enforcement and so-called "classified" privilege, Plaintiffs believe

10   the following excerpt may be relevant to Defendant's assertion that "classified" information

11   is privileged (Hurtado Ex. K at 2):

12          These pages have information classified at the Secret level relating to
            intelligence activities, sources and methods exempt from disclosure and
13          properly classified under E.O. 13,526 § 1.4(c); and to foreign relations or
            foreign activities of the United States, including confidential sources,
14          exempt from disclosure and properly classified under E.O. 13,526 § 1.4(d).
            These pages also contain information withheld pursuant to § 102A(i)(1) of
15          the National Security Act of 1947 ("NSA") as amended by the Intelligence
            Reform and Terrorism Prevention Act of 2004 ("IRTPA"), 50 U.S.C.
16          § 3024(i)(1).

17   This statement is not sufficient.  To the extent there is information contained in the April 30

18   Memo that has been classified, Defendant has only assumed, not shown, that there is a

19   "reasonable danger that compulsion of the evidence will expose . . . matters which, in the

20   (…continued)
     law enforcement privilege, there is a procedural threshold to invoking the state secret
21   privilege.  "To ensure that the privilege is invoked no more often or extensively than
     necessary . . . [t]here must be a formal claim of privilege, lodged by the head of the
22   department which has control over the matter, after actual personal consideration by that
     officer."  *Mohamed*, 614 F.3d at 1080 (internal quotations omitted).  If the procedural
23   requirements for invoking the privilege are met, the Ninth Circuit requires courts to
     undertake the following:
24          The court must sustain a claim of privilege when it is satisfied, from all the
            circumstances of the case, that there is a *reasonable* danger that compulsion
25          of the evidence will expose . . . matters which, in the interest of national
            security, should not be divulged.  *If* this standard is met, the evidence is
26          absolutely privileged, irrespective of the plaintiffs' countervailing need for
            it.  [E]ven the most compelling necessity cannot overcome the claim of
27          privilege if the court is ultimately satisfied that [state] secrets are at stake.
     *Mohamed*, 614 F.3d at 1081 (internal quotations and citations omitted) (emphasis added).
28

1    interest of national security should not be divulged." *Mohamed*, 614 F.3d at 1081 (standard

2    for applying state secret privilege).

3                       **b.    Raimondo Interrogatory Nos. 5-8 and 11**

4           These interrogatories seeks information relating to how Defendant's maintenance of

5    the April 30 Memo, including its enclosures, is pertinent to and within the scope of an

6    authorized law enforcement activity or otherwise expressly authorized by statute. Other

7    than referencing the April 30 Memo in its responses to Interrogatory Nos. 5 and 11,

8    Defendant has objected to these requests on the grounds that they seek information that is

9    "classified and/or protected by the law enforcement privilege." This boilerplate objection

10   provides no basis to assess Defendant's assertion of classified as a blanket discovery

11   privilege. Neither has Defendant attempted to assert the state secret privilege as a basis for

12   its withholdings. *Mohamed*, 614 F.3d 1082 (no blanket discovery privilege for "classified"

13   information). This Court should find that Defendant waived any potential privilege related

14   to the allegedly "classified" information responsive to Raimondo Interrogatory Nos. 5-8

15   and 11 and compel Defendant to provide further responses. *See Burlington Northern &*

16   *Santa Fe Ry.*, 408 F.3d at 1149-1150.

17          To the extent Defendant is permitted to withhold any "classified" information from

18   Plaintiffs, this Court should order Defendant to produce unclassified summaries of the

19   withheld information. The Ninth Circuit has approved a "case-by-case" approach of

20   identifying "reasonable measure[s] to mitigate the potential unfairness" of allowing the

21   government to use classified information. *Al Haramain Islamic Foundation, Inc. v. U.S.*

22   *Dep't of Treasury*, 686 F.3d 965, 982-84 (9th Cir. 2011) (due process challenge to

23   government's reliance on classified information for terrorist designation of organization).

24   One such measure is having the government provided unclassified summaries of the

25   classified materials. *Ibid.* Absent unclassified summaries, there will be no record on

26   appeal to which Plaintiffs would have access in order to challenge or defend the Court's

27   decision.

28

1    **C.    Defendant's Privacy Objections Are Meritless**

2        In its responses to Plaintiffs' Discovery Requests, Defendant asserted objections to

3    RFP Nos. 3-4, Garris Interrogatory No. 3, and Raimondo Interrogatory No. 9  based on

4    privacy grounds and/or that the requests seeks private information concerning third parties

5    that is protected from disclosure by statutes, including the Privacy Act.

6        The Privacy Act prohibits the government from disclosing "any record . . . except

7    pursuant to a written request by, or with the prior written consent of, the individual to

8    whom the record pertains." 5 U.S.C. § 552a(b).  There are twelve enumerated exceptions to

9    the statute, one of which is disclosure "pursuant to the order of a court of competent

10   jurisdiction." 5 U.S.C. § 552a(b)(11).  This Court entered a protective order in this action

11   on November 21, 2014.  *See* Dkt. No. 39.  The existing protective order is sufficient to

12   protect the requested information.  *See Vietnam Veterans of Am. v. CIA*, No. 09-0037, 2011

13   U.S. Dist. LEXIS 135313, at 8-9 (N.D. Cal. Nov. 23, 2011); *see also Artis v. Deere & Co.*

14   276 F.R.D. 348, 354 (N.D. Cal. 2001) (constitutional right to privacy is not absolute).

15   **1.    RFP Nos. 3-4**

16       RFP Nos. 3-4 seek documents describing Plaintiffs' exercise of First Amendment

17   activity.  Defendant does not raise "privacy" as an objection to any documents identified in

18   its privilege log that are responsive to RFP Nos. 3-4.  Thus, Plaintiffs assume Defendant's

19   assertion of a privacy objection in its response to RFP Nos. 3-4 was made in error.  On the

20   other hand, if Defendant is withholding information based on a privacy objection, Plaintiffs

21   request this Court order full disclosure of such information as Defendant has failed to

22   uphold its burden in asserting the privilege.

23   **2.    Garris Interrogatory No. 3**

24       Garris Interrogatory No. 3 seeks the identity of the person who drafted the January

25   2002 Memo, which is the FBI memorandum that erroneously states Plaintiff Garris

26   threatened to hack the FBI.  This information is highly relevant to Plaintiffs' Privacy Act

27   claim under 5 U.S.C. § 552a(e)(7) because the January 2002 Memo was relied on by the

28   author of the April 30 Memo and was the basis for the threat assessment memorialized

1    therein.  The April 30 Memo is the sole piece of information Defendant has identified to

2    justify its maintenance of the April 30 Memo, which describes Plaintiffs' First Amendment

3    activity.  Thus, Plaintiffs may seek to depose the author of the January 2002 Memo to

4    determine whether the author provided consultation to the author of the April 30 Memo.

5    Any privacy concerns can be mitigated by Defendant providing its response to Garris

6    Interrogatory No. 3 pursuant to the protective order in place in this action.

7              **3.       Raimondo Interrogatory Nos. 9 and 10**

8              Raimondo Interrogatory Nos. 9[14] and 10 seek the identity of the person who made

9    the recommendation in the April 30 Memo to open a preliminary investigation of Plaintiffs

10   and the identity of any other person who has information pertaining to the April 30 Memo.

11   In supplemental responses, Defendant provided the names of two retired FBI special agents

12   in response to Interrogatory No. 9 and the names of three individuals in response to

13   Interrogatory No. 10.  In requesting the identity of the aforementioned persons, each request

14   also sought the following information which Defendant has failed to provide:

15              With respect to a natural person, to state the person's name, present or last
              known business and residential address, present or last known position or
16             business affiliation, his or her position or business affiliation at the time in
              question, a general description of the business in which he or she is engaged
17             and a telephone number for the individual.

18             Plaintiffs may seek to depose the individuals identified in response to these

19   interrogatories in order to obtain information regarding the authorized law enforcement

20   activity to which Defendant's maintenance of the April 30 Memo is purportedly pertinent to

21   and within the scope of and regarding their consideration of the January 2002 Memo, issues

22   eminently relevant to Plaintiffs' Privacy Act claim under 5 U.S.C. § 552a(e)(7).  Any

23

24

25   ───────────────

26   [14]      Plaintiffs note that Defendant's response to Raimondo Interrogatory No. 11, which
     seeks the names, addresses, and telephone number of all persons who have knowledge of
     the facts upon which Defendant based its responses, references Interrogatory Nos. 9 and 10.
27   Thus, Defendant's failure to respond in full to Raimondo Interrogatory No. 9 and 10
     implicates its response to Raimondo Interrogatory No. 11.

28

1    privacy or confidentiality concerns regarding disclosure of the requested information can be

2    mitigated by Defendant providing its response pursuant to the protective order.[15]

3        **D.    Other Unmeritorious Objections**

4            **1.    Vague and Ambiguous Objections**

5        Defendant has objected to Raimondo Interrogatory Nos. 5-7 and 10-11 on the basis

6    that each request is "vague and ambiguous."  In its discovery responses, Defendant failed to

7    identify any terms for these requests that were vague or ambiguous.[16]  Defendant has

8    objected to Raimondo Interrogatory No. 8[17] on the basis that the following terms are vague

9    and ambiguous:  "your act to maintain" and "eleven enclosures."  Defendant has objected to

10    RFP Nos. 3 and 4 on the grounds that the following terms are vague and ambiguous:

11    "describe how," "produced . . . in this ACTION," and "'exercises rights guaranteed by the

12    First Amendment' as that phrase is defined in 5 U.S.C. § 552a(e)(7)."

13        With the exception of the term "maintain," Defendant failed to state in its response

14    to Plaintiffs' meet-and-confer letter the source of its confusion with the above terms.  As to

15    "maintain," Defendant stated that the term refers to actions taken at different times.  During

16    the in-person meet and confer, counsel for Plaintiffs clarified, with reference to the

17    definition of the term "maintain," that the term includes maintain, collect, use, or

18    disseminate, as that term is defined within the Privacy Act.  Defendant must be compelled

19    to provide any information withheld on the basis of these meritless objections.

20    _____

21    [15]    If Defendant agrees to accept service of a deposition subpoena for each of the
retired FBI agents and each of the three individuals identified in response to Interrogatory
No. 10 (in the event they are not currently employed by the FBI), Plaintiffs will agree to

22    withdraw their request to compel the contact information sought herein.  Defendant has not
yet agreed to do so, thus Plaintiffs seek a further response to these interrogatories.

23    [16]    Defendant's response to Plaintiffs' meet-and-confer letter states that terms such as

24    "Explain" and "Identify" used in "numerous interrogatories" are overbroad and vague.
Even if these terms were vague and ambiguous—they are not—Defendant failed to assert

25    these objections in its discovery responses and should be precluded from asserting them
nearly three months after its discovery responses were due.

26    [17]    Defendant also asserts "compound" as an objection to Raimondo Interrogatory No.
8 but offers nothing to substantiate its objection.  Boilerplate objections are an insufficient

27    basis upon which to withhold discovery. *Johnson & Johnston v. R.E. Service*, No. 03-2549,
2004 WL 3174428, at *1-2 (N.D. Cal. Nov. 2, 2004) (Larson, M.J.).

28

1    **2.    Unduly Burdensome Objections**

2    Defendant objected to RFP Nos. 3-4 and Raimondo Interrogatory No. 11 as

3    overbroad and unduly burdensome.  RFP Nos. 3-4 seek documents describing Plaintiffs'

4    exercise of First Amendment activity and Raimondo Interrogatory No. 11 seeks the basis of

5    Defendant's denials of certain RFAs.  The subject of the RFAs at issue is whether

6    Defendant's maintenance of the April 30 Memo was pertinent to and within the scope of an

7    authorized law enforcement activity, or otherwise expressly authorized by statute, at the

8    time Defendant began to maintain the April 30 Memo or currently.

9    A party objecting to discovery "cannot simply intone this familiar litany":  "overly

10    broad, burdensome, oppressive, irrelevant."  *Johnson*, 2004 WL 3174428, at *2.  Rather, a

11    party must "show specifically how, despite the broad and liberal construction afforded the

12    federal discovery rules," each request is "overly broad, burdensome or oppressive by

13    submitting affidavits or offering evidence revealing the nature of the burden."  *Ibid.; see*

14    *Dang v. Cross*, No. 00-13001, 2002 WL 432197, at *3-4 (C.D. Cal. Mar. 18, 2002) (even

15    though interrogatories and requests for production called for the responding party to "state

16    all facts" and produce "all" documents the requests were held not to be unduly

17    burdensome).

18    As the objecting party, Defendant bears the burden of demonstrating, with detailed

19    evidence, how much work is required to provide a response.  Conclusory assertions are

20    insufficient.  Defendant has made no showing of any purported burden to responding to the

21    above-identified requests and must be compelled to respond over its burdensome objection.

22    **3.    Calls for Legal Conclusion Objections**

23    As a general objection to the RFPs and Raimondo's First Set of Interrogatories,

24    Defendant states that it "objects to the definitions *to the extent* they call for legal

25    conclusions." (Emphasis added).  Defendant also objects to RFP Nos. 3-4 "*to the extent*

26    [they] call for a legal conclusion." (Emphasis added).  Boilerplate objections are an

27

28

705692692v1

PLAINTIFFS' NOTICE OF MOTION AND
MOTION TO COMPEL DISCOVERY RESPONSES
Case No. 13-02295 JSC

1    insufficient basis upon which to withhold discovery. *Johnson*, 2004 WL 3174428, at *2.

2    Defendant's discovery responses fail to provide any basis for these objections.[18]

3    **VI.    CONCLUSION**

4          Plaintiffs would be prejudiced if they were denied discovery of documents and

5    information relevant to their Privacy Act claim under 5 U.S.C. § 552a(e)(7).  Defendant has

6    not carried its burden to support its privilege objections, and none of its other objections

7    justify its withholdings.  Plaintiffs respectfully request that this Court order Defendant to

8    provide further responses to the written discovery requests identified above.

9    Dated:  January 22, 2015.          Respectfully submitted,

10                              PILLSBURY WINTHROP SHAW PITTMAN LLP
                                THOMAS V. LORAN III

11                              ANDREW BLUTH
                                LAURA C. HURTADO

12                              Four Embarcadero Center, 22nd Floor
                                Post Office Box 2824

13                              San Francisco, CA  94126-2824

14                              By _____ /s/ Laura C. Hurtado _____
                                         Laura C. Hurtado

15

16                              AMERICAN CIVIL LIBERTIES UNION
                                  FOUNDATION OF NORTHERN CALIFORNIA

17                              JULIA HARUMI MASS
                                LINDA LYE

18                              39 Drumm Street
                                San Francisco, California 94111

19                              Attorneys for Plaintiffs
                                DENNIS JOSEPH RAIMONDO and

20                              ERIC ANTHONY GARRIS

21

22

23

24

25

26

---

27   [18]         At most, the requests seek responses that are a mixture of law and fact and
     Defendant must produce any facts that are responsive.

28

705692692v1