United States District Court
Northern District of California

1

2

3

4

5

6          UNITED STATES DISTRICT COURT

7          NORTHERN DISTRICT OF CALIFORNIA

8

9   DENNIS JOSEPH RAIMONDO, et al.,          Case No.  13-cv-02295-JSC

10              Plaintiffs,

11         v.                                **ORDER RE: PLAINTIFFS' MOTION
                                             TO COMPEL**
12   FEDERAL BUREAU OF
     INVESTIGATION,                          Re: Dkt. No. 43

13              Defendant.

14

15          Plaintiffs Dennis Raimondo and Eric Garris filed this action under the Freedom of

16   Information Act and the Privacy Act against Defendant the Federal Bureau of Investigation

17   ("FBI").  Plaintiffs seek records regarding a 2004 threat assessment the FBI conducted of a

18   website, Antiwar.com, with which the Plaintiffs are affiliated, and related investigations that the

19   FBI conducted of Plaintiffs.  Plaintiffs contend that the FBI's maintenance of these records

20   violates Section 552a(e)(7) of the Privacy Act in that the records reflect how the Plaintiffs

21   exercised their First Amendment rights.  Now pending before the Court is Plaintiffs' motion to

22   compel the FBI to produce documents and related information responsive to certain discovery

23   requests.  (Dkt. No. 43.)  The FBI contends that the documents at issue are irrelevant and protected

24   from disclosure under the law enforcement privilege.  (Dkt. No. 46.)  Having considered the

25   parties' arguments and having had the benefit of oral argument on April 23, 2015, the Court

26   DENIES the motion in part and orders supplemental briefing as to the remaining issue.

27

28

## DISCUSSION

Plaintiffs move to compel three categories of information: (1) material redacted from an April 30, 2004 FBI memorandum ("April 30 Memo"), (2) additional responses to Interrogatory Nos. 5-8 which seek information regarding the factual basis for the FBI's assertion that its maintenance of the April 30 Memo is pertinent to and within the scope of authorized law enforcement activity, and (3) the identity of the author of a FBI memorandum dated January 7, 2002.[1]  Plaintiffs' request as to the second and third categories of information is denied.

After Plaintiffs filed their motion to compel, the government supplemented its discovery responses and clarified the basis for its contention that maintenance of the April 30 Memo is authorized by the law enforcement activity exception to the Privacy Act; namely, that the threat assessment was conducted in response to discovery of a watch list called "Project Lookout" on the antiwar.com website.  (Dkt. No. 46 at 12:6-13.)  At oral argument, the government confirmed that the only basis for its law enforcement activity defense to the Privacy Act claim is that set forth in its supplemental interrogatory responses.  Given the government's clarification, Plaintiffs' motion to compel further responses to Raimondo Interrogatory Nos. 5-8 is denied.

With respect to Garris Interrogatory No. 3 regarding the identity of the author of the January 2002 Memo, Plaintiffs have not shown that this information is relevant to their Privacy Act claim.  Accordingly, Plaintiffs' request to compel a further response to Interrogatory No. 3 is denied without prejudice.

Plaintiffs' challenge to the redactions in the April 30 Memo is the remaining issue.  In support of its contention that the memo redactions are protected by the law enforcement privilege, the government submitted a declaration from Michael Steinbach, the Assistant Director of the FBI's Counterterrorism Division, along with its opposition brief.  (Dkt. No. 47.)  Although the declaration and opposition were filed publicly, they were both redacted—the former significantly.  (Dkt. Nos. 46 & 47.)  The government submitted under seal for in camera review unredacted versions of both documents and filed an Administrative Motion requesting to file these documents

---

[1] Plaintiffs initially moved to compel responses to several other discovery requests, but based on the FBI's opposition and subsequent agreement between the parties, Plaintiffs no longer seek to compel further responses to these requests.  (Dkt. No. 51 at pp. 1-5.)

under seal and ex parte.  (Dkt. No. 49.)  Under Civil Local Rule 79-5 "[a] sealing order may issue only upon a request that establishes that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" and any such request shall be "narrowly tailored."  Civ. L.R. 79-5(b). The government's conclusory motion to seal fails to make such a showing.  Further, having reviewed the unredacted information, the Court is not persuaded that the general information which has been redacted is in fact confidential or privileged.  Accordingly, the government's administrative motion to seal and submit portions of the Steinbach Declaration for in camera review is denied and the declaration is stricken.

As set forth at the hearing, the Court sets a supplemental briefing schedule as to the redactions within the April 30 Memo. Plaintiffs shall provide the government with a list of the redactions which they still challenge by May 1, 2015.  The government shall provide Plaintiffs with a response by May 20, 2015.  Plaintiffs shall then submit a supplemental brief regarding their request to compel by June 4, 2015, the government's opposition brief (accompanied by a revised declaration that specifically addresses the redactions at issue) is due June 18, and the optional reply brief is due June 25.  The Court will hear argument on July 9, 2015 (rather than July 2) at 9:00 a.m. in Courtroom F, 450 Golden Gate Ave., San Francisco, California.

**IT IS SO ORDERED.**

Dated: April 23, 2015

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

United States District Court
Northern District of California

3